UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

ERICKSON CABRERA,

                                    Plaintiff,

                    -against-

CITY OF NEW YORK; Police Officer BRIAN
DENNIS, Shield No. 13090; Sergeant JOSE
CARABALLO, Shield No. 12202; and JOHN and
JANE DOE 1 through 10,

                                    Defendants.
-----------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

16 CV 1098 (GBD)

Jury Trial Demanded

## NATURE OF THE ACTION

1.      This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, the laws of the State of New York and Section 14-151 of the Administrative Code of the City of New York.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.      This Court has supplemental jurisdiction over the New York State and New York City claims pursuant to 28 U.S.C. § 1367.

<u>JURY DEMAND</u>

6.      Plaintiff demands a trial by jury in this action.

<u>PARTIES</u>

7.      Plaintiff Erickson Cabrera ("plaintiff" or "Mr. Cabrera") is a resident of New York County in the City and State of New York.

8.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.      Defendant Police Officer Brian Dennis, Shield No. 13090 ("Dennis"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Dennis is sued in his individual and official capacities.

10.     Defendant Sergeant Jose Caraballo, Shield No. 12202 ("Caraballo"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Caraballo is sued in his individual and official capacities.

11.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13.     At all times relevant herein, all individual defendants were acting under color of state law.

<u>STATEMENT OF FACTS</u>

14.     At approximately 5:35 p.m. on September 21, 2015, Mr. Cabrera was lawfully present inside his apartment, located at 460 West 147th Street in Manhattan.

15.     Defendants Dennis and Caraballo knocked on Mr. Cabrera's door.

16.     The officers lied to Mr. Cabrera, and said, in sum and substance, that

there was a warrant for Mr. Cabrera's arrest on DWI charges.

17.     Mr. Cabrera, who had never been arrested before, explained to the officer, in sum and substance, that there must be some kind of mistake.

18.     The officers insisted that he come downstairs.

19.     Knowing he was innocent of any wrongdoing, Mr. Cabrera willingly accompanied the officers downstairs.

20.     Once downstairs, the officers handcuffed Mr. Cabrera and arrested him, even though they knew that they lacked probable cause to arrest Mr. Cabrera for any crime or offense.

21.     Mr. Cabrera was taken to the 30th Precinct.

22.     After being held for several hours at the precinct, Mr. Cabrera was issued a Desk Appearance Ticket charging him with possession of a forged instrument.

23.     Mr. Cabrera never possessed a forged instrument and the officers had no reason to believe that he did.

24.     Prior to Mr. Cabrera's arraignment, the officers relayed this false charge to employees of the New York County District Attorney's office.

25.     After appearing at arraignment and a subsequent court appearance – under the threat of the issuance of an arrest warrant and of arrest – all charges against Mr. Cabrera were dismissed on February 1, 2016.

26.     Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

27.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

28.     This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

29.     Upon information and belief, defendants took law enforcement action with regard to Mr. Cabrera based solely on his actual and/or perceived color and/or race.

30.     Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, out-of-pocket costs and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

31.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

33.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

<u>SECOND CLAIM</u>
False Arrest

34.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

36.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

<u>THIRD CLAIM</u>
State Law False Imprisonment and False Arrest

37.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38.    By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

39.    Plaintiff was conscious of his confinement.

40.    Plaintiff did not consent to his confinement.

41.    Plaintiff's confinement was not otherwise privileged.

42.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

43.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Malicious Prosecution

44.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45.     By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

46.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

47.    As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FIFTH CLAIM
### State Law Assault and Battery

48.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49.    By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

50.    Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

51.    As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
### Denial of Constitutional Right to Fair Trial

52.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53.    The individual defendants created false evidence against plaintiff.

54.     The individual defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

55.     In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

56.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

<u>SEVENTH CLAIM</u>
Negligent Hiring/Training/Retention

57.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

58.     Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

59.     Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

60.    Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

61.    Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

62.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

<u>EIGHTH CLAIM</u>
**Intentional Infliction of Emotional Distress**

63.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

64.    By reason of the foregoing, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

65.    The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

66.     Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

67.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Negligent Infliction of Emotional Distress

68.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

69.     By reason of the foregoing, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

70.     The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

71.     Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

72.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### Failure to Intervene

73.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

74.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

75.    Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

76.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  An order enjoining defendants from engaging in further bias-based profiling against plaintiff;

(d)  A declaration that plaintiff has been subjected to discrimination through bias-based profiling by defendants;

(e)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(f)  Such other and further relief as this Court deems just and proper.

Dated:      June 27, 2016
            New York, New York

HARVIS & FETT LLP

_____
Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@civilrights.nyc

*Attorneys for plaintiff*

-13-