UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

ERICKSON CABRERA,

                                  Plaintiff,

                     -against-

THE CITY OF NEW YORK; NEW YORK CITY POLICE
OFFICER BRIAN DENNIS, Shield No. 13090; and JOHN
and JANE DOE 1 through 10,

                             Defendants.

---------------------------------------------------------------------- X

**ANSWER TO THE
AMENDED COMPLAINT BY
DEFENDANTS CITY
DENNIS AND CARABALLO**

16 CV 1098 (GBD)

JURY TRIAL DEMANDED

                 Defendants City of New York, Police Officer Brian Dennis and Lieutenant Jose Caraballo by their attorney Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the Amended Complaint, respectfully allege, upon information and belief, as follows[1]:

                           1.   Deny the allegations set forth in paragraph "1" of the Amended Complaint, except admit that plaintiff purports to bring this action as stated therein.

                           2.   Deny the allegations set forth in paragraph "2" of the Amended Complaint, except admit that plaintiff purports to bring this action as stated therein.

                           3.   Deny the allegations set forth in paragraph "3" of the Amended Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

---

[1] Plaintiff filed an Amended Complaint on June 27, 2016 and served defendant Jose Caraballo on June 28, 2016. The summons was returned executed on July 18, 2016. Defendants state they answered or otherwise responded to the Amended Complaint with its motion for summary judgment filed on July 22, 2016. See Docx. 35, Ft. 1 at P. 1. To avoid unnecessary motion practice, defendants submit this answer to the Amended Complaint to clear up any confusion as to whether defendants properly answered the Amended Complaint.

4. Deny the allegations set forth in paragraph "4" of the Amended Complaint, except admit that plaintiff purports to base venue as stated therein.

5. Deny the allegations set forth in paragraph "3" of the Amended Complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of the Court as stated therein.

6. Paragraph "6" of the Amended Complaint contains a jury demand for which no response is required.

7. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Amended Complaint.

8. Deny the allegations set forth in paragraph "8" of the Amended Complaint except admit that the City of New York is a municipal corporation duly organized under the laws of the State of New York.

9. Deny the allegations set forth in paragraph "9" of the Amended Complaint except admit that Brian Dennis is employed by the City of New York and is a member of the New York City Police Department.

10. Deny the allegations set forth in paragraph "10" of the Amended Complaint but admit that Jose Caraballo is employed by the City of New York and is a member of the New York City Police Department.

11. Deny knowledge and information sufficient to form a belief as to the as to the truth of the identity of the John and Jane Does set forth in paragraph "11" of the Amended Complaint.

12. Deny knowledge and information sufficient to form a belief as to the truth allegations set forth in paragraph "12" of the Amended Complaint.

13. Deny the allegations set forth in paragraph "13" of the Amended Complaint.

14. Deny the allegations set forth in paragraph "14" of the Amended Complaint except admit that plaintiff was inside an apartment located at 460 West 147th Street in Manhattan.

15. Admit the allegations set forth in paragraph "15" of the Amended Complaint.

16. Deny the allegations set forth in paragraph "16" of the Amended Complaint.

17. Deny the allegations set forth in paragraph "17" of the Amended Complaint.

18. Deny the allegations set forth in paragraph "18" of the Amended Complaint.

19. Deny the allegations set forth in paragraph "19" of the Amended Complaint except admit plaintiff accompanied officers downstairs.

20. Deny the allegations set forth in paragraph "20" of the Amended Complaint except admit that plaintiff was handcuffed.

21. Admit the allegations set forth in paragraph "21" of the Amended Complaint.

22. Deny the allegations set forth in paragraph "22" of the Amended Complaint except admit plaintiff was issued a Desk Appearance Ticket and charged with criminal possession of a forged instrument in the third degree.

23. Deny the allegations set forth in paragraph "23" of the Amended Complaint.

24. Deny the allegations set forth in paragraph "24" of the Amended Complaint.

25. Deny the allegations set forth in paragraph "25" of the Amended Complaint.

26. Admit the allegations set forth in paragraph "26" of the Amended Complaint and attach as Exhibit "A" the Notice of Claim and the statutorily required 50-H Hearing of Erickson Cabrera held on February 5, 2016.

27. Deny the allegations set forth in paragraph "27" of the Amended Complaint but admit that plaintiff's claim has not been paid.

28. Deny the allegations set forth in paragraph "28" of the Amended Complaint.

29. Deny the allegations set forth in paragraph "29" of the Amended Complaint.

30. Deny the allegations set forth in paragraph "30" of the Amended Complaint.

31. In response to the allegations set forth in paragraph "31" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the Amended Complaint.

33. Deny the allegations set forth in paragraph "33" of the Amended Complaint.

34. In response to the allegations set forth in paragraph "34" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

35. Deny the allegations set forth in paragraph "35" of the Amended Complaint.

36. Deny the allegations set forth in paragraph "36" of the Amended Complaint.

37. In response to the allegations set forth in paragraph "37" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

38. Deny the allegations set forth in paragraph "38" of the Amended Complaint.

39. Deny the allegations set forth in paragraph "39" of the Amended Complaint.

40. Deny the allegations set forth in paragraph "40" of the Amended Complaint.

41. Deny the allegations set forth in paragraph "41" of the Amended Complaint.

42. Deny the allegations set forth in paragraph "42" of the Amended Complaint.

43. Deny the allegations set forth in paragraph "43" of the Amended Complaint.

44. In response to the allegations set forth in paragraph "44" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

45. Deny the allegations set forth in paragraph "45" of the Amended Complaint.

46. Deny the allegations set forth in paragraph "46" of the Amended Complaint.

47. Deny the allegations set forth in paragraph "47" of the Amended Complaint.

48. In response to the allegations set forth in paragraph "48" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

49. Deny the allegations set forth in paragraph "49" of the Amended Complaint.

50. Deny the allegations set forth in paragraph "50" of the Amended Complaint.

51. Deny the allegations set forth in paragraph "51" of the Amended Complaint.

52. In response to the allegations set forth in paragraph "52" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

53. Deny the allegations set forth in paragraph "53" of the Amended Complaint.

54. Deny the allegations set forth in paragraph "54" of the Amended Complaint.

55. Deny the allegations set forth in paragraph "55" of the Amended Complaint.

56. Deny the allegations set forth in paragraph "56" of the Amended Complaint.

57. In response to the allegations set forth in paragraph "57" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

58. Deny the allegations set forth in paragraph "58" of the Amended Complaint.

59. Deny the allegations set forth in paragraph "59" of the Amended Complaint.

60. Deny the allegations set forth in paragraph "60" of the Amended Complaint.

61. Deny the allegations set forth in paragraph "61" of the Amended Complaint.

62. Deny the allegations set forth in paragraph "62" of the Amended Complaint.

63. In response to the allegations set forth in paragraph "63" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

64. Deny the allegations set forth in paragraph "64" of the Amended Complaint.

65. Deny the allegations set forth in paragraph "65" of the Amended Complaint.

66. Deny the allegations set forth in paragraph "66" of the Amended Complaint.

67. Deny the allegations set forth in paragraph "67" of the Amended Complaint.

68. In response to the allegations set forth in paragraph "68" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

69. Deny the allegations set forth in paragraph "69" of the Amended Complaint.

70. Deny the allegations set forth in paragraph "70" of the Amended Complaint.

71. Deny the allegations set forth in paragraph "71" of the Amended Complaint.

72. Deny the allegations set forth in paragraph "72" of the Amended Complaint.

73. In response to the allegations set forth in paragraph "73" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

74. Deny the allegations set forth in paragraph "74" of the Amended Complaint.

75. Deny the allegations set forth in paragraph "75" of the Amended Complaint.

76. Deny the allegations set forth in paragraph "76" of the Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

77. The Amended Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

78. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

79. Plaintiff may have failed to comply with certain conditions precedent to suit.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

80. At all times relevant to the acts alleged in the Amended Complaint, the Individual Defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR AN FIFTH AFFIRMATIVE DEFENSE:

81. The Individual Defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

82. At all times relevant to the incident, Defendant City of New York and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, Defendant City of New York is entitled to governmental immunity.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

83. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

**WHEREFORE,** defendants City of New York and Police Officer Brian Dennis respectfully request judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.


Dated:          New York, New York
                January 3, 2017

                                ZACHARY W. CARTER
                                Corporation Counsel of the
                                City of New York
                                *Attorney for Defendants City, Dennis and Caraballo*
                                100 Church Street, Room 3-208
                                New York, New York 10007
                                (212) 356-2656


                        By:          /s/
                                _____
                                Paul H. Johnson
                                Assistant Corporation Counsel
                                Special Federal Litigation Division


TO:          Gabriel Harvis, Esq. (via ECF)
             Harvis and Fett
             *Attorneys for Plaintiff*
             304 Broadway, 14th Floor
             New York, New York 10007

Index No. 16 CV 1098 (GBD)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERICKSON CABRERA,

Plaintiff,

-against-

THE CITY OF NEW YORK; NEW YORK CITY
POLICE OFFICER BRIAN DENNIS, Shield No. 13090;
and JOHN and JANE DOE 1 through 10,

Defendants.

**ANSWER TO THE AMENDED COMPLAINT BY
DEFENDANTS CITY, DENNIS AND CARABALLO**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City and Dennis*
*100 Church Street Rm 3-208*
*New York, New York  10007*

*Of Counsel: Paul H. Johnson*
*Tel:  (212) 356-2656*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ...................................., 2015 . . .*

*...................................................................... Esq.*

*Attorney for .........................................................*