

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

PAUL H. JOHNSON
Assistant Corporation Counsel
E-mail: pajohnso@law.nyc.gov
Phone: (212) 356-2656
Fax: (212) 788-9776

February 3, 2017

**BY ECF**
Honorable James C. Francis IV
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Erickson Cabrera v. City of New York et al.
               16 CV 1098 (GBD)(JCF)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to the defense of the City, Police Officer Brian Dennis and Sgt. Jose Caraballo in the above-referenced matter. I write in response to plaintiff's letter dated February 1, 2017 wherein he renews the relief sought in his December 16, 2016 letter. Specifically, plaintiff asks for defendants to pay the fees for the time spent responding to defendants' motion for summary judgment filed June 27, 2016. Defendant state this hearing is unnecessary as there is no evidence defendants lacked a good faith basis to bring the motion. Defendants also write in opposition to plaintiff's letter motion to compel dated January 31, 2017 and state an affirmation regarding the production of data from defendant officers' patrol car on the date of the incident is moot as plaintiff has had the opportunity to depose defendants about that data.

**Procedural History**

      Plaintiff filed this claim on February 12, 2016. Defendants answered on May 6, 2016. Plaintiff filed an Amended Complaint on June 27, 2016 and defendants filed a motion for summary judgment on July 22, 2016. Per Local Rule 83.10, a mediation session was held on August 10, 2016. The Hon. George Daniels held oral arguments on defendants' motion on August 16, 2016. The Court denied defendants' motion without prejudice and the parties were ordered to continue discovery. On December 16, 2016 plaintiff wrote the court requesting a hearing regarding evidence produced in the case and on December 19, 2016 The Court denied the request and ordered the parties to continue discovery and stated plaintiff may renew his request after discovery closed. The parties exchanged document discovery and deposed the parties. Discovery closed on January 31, 2017. Therefore the record is complete.

## Plaintiff's Request for a Hearing is Improper

As the Court said in its December 19, 2016 docket order, allegations of fabrication are serious. The discovery in this case shows the additional information disclosed to plaintiff only reinforces the probable cause determination in this case. Whether or not plaintiff's vehicle was legally registered in Virginia does not defeat the fact that plaintiff is a lifelong New York resident and his vehicle was insured in New York and had a valid New York State registration and therefore plaintiff was legally required to place New York State license plates on his vehicle and prohibited from using Virginia license plates on his vehicle.

It is undisputed that on September 21, 2015 plaintiff parked his vehicle on a public roadway, was assigned permanent New York State license plates but instead displayed three temporary Virginia State license plates with two different numbers on his vehicle in clear violation of the New York Vehicle and Traffic Law § 402.1(a) which requires that vehicles registered in New York State parked on a public roadway display "a set of number plates issued by the commissioner with a number and other identification matter if any, corresponding to that of the certificate of registration conspicuously displayed." It is undisputed that the third plate displayed on the vehicle was laminated in violation of the New York VTL § 402.1(b) which states that license plates "shall not be covered by glass or any plastic material, and shall not be knowingly covered or coated with any artificial or synthetic material." It is undisputed that plaintiff knowingly covered his license plate with artificial and synthetic material. It is also undisputed that plaintiff's third and laminated license plate contained a date of purchase that was after the expiration date of the first set of license plates, that defendants had knowledge that the date plaintiff purchased his vehicle was not the date displayed on his license plate as plaintiff presented defendants with his insurance card which indicated his vehicle was purchased a month prior to the date shown on his vehicle.

As an initial matter, probable cause to arrest can be premised on violations of any crime. "[A]n arrest is not unlawful so long as the officer has knowledge of, or reasonably trustworthy information as to, facts and circumstances sufficient to provide probable cause to believe that the person arrested has committed any crime." Zellner v. Summerlin, 494 F.3d 344, 369 (2d Cir. 2007). Further, probable cause to arrest can be premised on violations of the New York State Vehicle and Traffic Code. "A traffic infraction is deemed an offense that can give rise to probable cause for arrest. *See also*, Soomro v. City of New York, 13 Civ. 187 (LTS), 2016 U.S. Dist. LEXIS 42582, 2016 WL 1266069, at *4 (S.D.N.Y. Mar. 30, 2016)." Quiles v. City of New York, 2016 U.S. Dist. LEXIS 142943, *17 (S.D.N.Y. Oct. 12, 2016). New York VTL § 155 states that "[f]or purposes of arrest without a warrant . . . a traffic infraction shall be deemed an offense." Finally, based on the totality of the circumstances faced by the defendant officers on September 21, 2015 they had probable cause to believe plaintiff possessed a forged instrument based on the multiple license plate numbers visible on the vehicle none of which were the vehicle's actual New York State license plate, the alteration of one of his license plates and the fact that one of plaintiff's license plates contained a false date of purchase. Therefore defendants had probable cause to arrest plaintiff for violating NY Penal Law § 170.05 for possession of a forged instrument. Plaintiff's denial of fair trial claim is also improper as plaintiff suffered no deprivation of liberty as a result of any documents, false or otherwise, forwarded to the district attorney's office. An individual cannot claim denial of a right to a fair trial for having to respond to a court order. "[M]erely having to respond to orders of the court and attend court hearings is

insufficient to allege a deprivation of liberty." Arbuckle v. City of New York, 2016 U.S. Dist. LEXIS 136857, *32 (S.D.N.Y. Sept. 30, 2016).

Plaintiff seeks to short-circuit the Court's rule making and fact finding process by obtaining an evidentiary ruling from the Court on the merits of the documents produced by the defendants without having to address the discrepancies in the documents produced by plaintiff. The Court must therefore reject plaintiff's request and remind counsel that before plaintiff can obtain any relief, the Court must examine the undisputed facts in this matter to determine whether no reasonable jury could find for plaintiff or in the alternative a jury must find in plaintiff's favor. Therefore plaintiff's request must be denied as there is no proper relief the Court can give him at this stage of the litigation.

### Plaintiff's Motion to Compel Must be Denied

In a letter dated January 31st, 2017, plaintiff stated that defendants have not complied with the court order dated November 16, 2016 to produce "log-in information for the license/registration checks performed in connection with the plaintiff's arrest."

Defendants compiled with that order and the documents produced by defendants contain the log-in information from defendants, in fact it is those documents that plaintiff referenced in his February 1, 2017 and December 16, 2016 letters. A further affirmation regarding the data defendants produced is unnecessary, because plaintiff has had the opportunity to depose defendants who produced that data and defendant Dennis has stated that the documents produced to the District Attorney's office are the same documents he reviewed and sent to the District Attorney's office. While plaintiff stated in his letter that defendant Officer Dennis testified in his deposition regarding all the vehicle checks he performed, he also testified why the data from his patrol car was not preserved and why he performed a second vehicle check at the precinct in order to collect evidence that could be preserved and sent to the District Attorney's Office for New York County. Therefore an affirmation is unnecessary as plaintiff already has in his possession sworn testimony on this issue.

Defendants therefore request the Court deny plaintiff's request for a hearing and deny plaintiff's motion to compel.

Thank you for your consideration of these matters.

Respectfully submitted,

Paul H. Johnson
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   Gabriel Harvis, Esq. (via ECF)
      *Attorney for Plaintiff*
      305 Broadway, 14th Floor
      New York, New York 10007