16 CV 1098 (GBD) (JCF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERICKSON CABRERA,

                                          Plaintiff,

                -against-

CITY OF NEW YORK; Police Officer BRIAN DENNIS, Shield
No. 13090; Sergeant JOSE CARABALLO, Shield No. 12202; and
JOHN and JANE DOE 1 through 10,

                                          Defendants.

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANTS' MOTION FOR
## SUMMARY JUDGMENT

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street Rm 3-208*
*New York, New York 10007*
*Of Counsel:  Paul H. Johnson*
*Tel:  (212) 356-2656*

## Table of Contents

PRELIMINARY STATEMENT ...................................................................................... 1

STATEMENT OF FACTS .............................................................................................. 2

STANDARD OF REVIEW ............................................................................................ 5

POINT I PLAINTIFF CONSENTED TO ANY SEARCH AND SEIZURE................................. 6

POINT II THERE WAS PROBABLE CAUSE TO ARREST PLAINTIFF................................. 7

POINT III DEFENDANTS SHOULD BE GRANTED SUMMARY JUDGMENT ON
PLAINTIFF'S CLAIM FOR MALICIOUS PROSECUTION ................................... 11

POINT IV DEFENDANTS DENNIS AND CARABALLO ARE ENTITLED TO QUALIFIED
IMMUNITY............................................................................................................. 15

POINT V PLAINTIFF'S DENIAL OF A RIGHT TO A FAIR TRIAL  MUST FAIL .............. 19

POINT VI PLAINTIFF'S FAILURE TO INTERVENE CLAIM MUST FAIL ......................... 20

POINT VII PLAINTIFF'S STATE LAW CLAIMS MUST FAIL............................................. 20

POINT VIII PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE CITY....................... 21

CONCLUSION.............................................................................................................. 24

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Akinnagbe v. City of New York,
    No. 14 CV 6147 (BMC), 2015 U.S. Dist. LEXIS 117375 (E.D.N.Y. Sept. 1,
    2015) ........................................................................................................................................18

Alcantara v. City of New York,
    646 F. Supp. 2d 449 (S.D.N.Y. June 23, 2009) .......................................................................12

Alfaro v. Wal-Mart Stores, Inc.,
    210 F.3d 111 (2d Cir. 2000)......................................................................................................23

Antes v. Bonura,
    2013 U.S. Dist. LEXIS 36255 (S.D.N.Y. Feb. 25, 2013)........................................................20

Arbuckle v. City of New York,
    2016 U.S. Dist. LEXIS 136857 (S.D.N.Y. Sept.30, 2016).......................................................20

Connecticut ex rel. Blumenthal v. Crotty,
    346 F.3d 84 (2d Cir. 2003)........................................................................................................16

Bradway v. Gonzales,
    26 F.3d 313 (2d Cir. 1994)........................................................................................................16

Carson v. Lewis,
    35 F.Supp.2d 250 (E.D.N.Y. 1999) ..........................................................................................13

Celotex Corp. v. Catrett,
    477 U.S. 317 (1986)....................................................................................................................6

Cerbelli v. City of New York,
    No. 99-CV-6846 (ARR) (RML), 2008 U.S. Dist. LEXIS 109341 (E.D.N.Y.
    Sept. 8, 2008) ............................................................................................................................23

Cifarelli v. Village of Babylon,
    93 F.3d 47 (2d Cir. 1996)............................................................................................................5

City of Canton v. Harris,
    489 U.S. 378 (1989)...................................................................................................................23

City of St. Louis v. Praprotnik,
    485 U.S. 112 (1985) (plurality opinion) ...................................................................................22

Colodney v. Continuum Health Partners, Inc.,
    No. 03 Civ. 7276 (DLC), 2004 U.S. Dist. LEXIS 6606 (S.D.N.Y. Apr. 15,
    2004) ...................................................................................................................................23

Cortes v. City of New York,
    148 F. Supp. 3d 248 (E.D.N.Y. 2015) ...........................................................................17, 18

Cunningham v. City of New York,
    No. 04 Civ. 10232 (LBS), 2007 U.S. Dist. LEXIS 69801 (S.D.N.Y. Sept. 18.
    2007) ...................................................................................................................................12

Dawkins v. Gonyea,
    646 F. Supp. 2d 594 (S.D.N.Y. 2009)..........................................................................16, 17

Escalera v. Lunn,
    361 F.3d 737 (2d Cir. 2004).................................................................................................16

Feinberg v. City of New York,
    No. 99 Civ. 12127, 2004 U.S. Dist. LEXIS 16098, 2004 WL 1824373
    (S.D.N.Y. Aug. 13, 2004) ...................................................................................................20

Gabai v. Jacoby,
    800 F. Supp. 1149 (S.D.N.Y. Aug. 6, 1992)........................................................................6

Garrett v. Port Auth.,
    2006 U.S. Dist. LEXIS 55548 (S.D.N.Y. Aug. 7, 2006) ....................................................15

Guzman v. United States,
    No. 11 Civ. 5834 (JPO), 2013 U.S. Dist. LEXIS 131684 (S.D.N.Y. Feb. 14,
    2013) ...................................................................................................................................12

Hunter v. Bryant,
    502 U.S. 224 (1991) (per curiam) .......................................................................................19

Husbands v. City of New York,
    2007 U.S. Dist. LEXIS 61042 (S.D.N.Y Aug. 16, 2007) ....................................................14

Isaac v. City of New York,
    701 F. Supp. 2d 477 (S.D.N.Y. 2010)..................................................................................6

Jaegly v. Couch,
    439 F.3d 149 (2d Cir. 2006)..................................................................................................8

Jean v. City of New York,
    No. 08 Civ. 00157 (RER), 2009 U.S. Dist. LEXIS 98239 (S.D.N.Y. Oct. 22,
    2009) ...................................................................................................................................22

Jenkins v. City of New York,
    478 F.3d 76 (2d Cir. 2007)...............................................................................................8, 23

Jermosen v. Coughlin,
    877 F. Supp. 864 (S.D.N.Y. Mar. 3, 1995) ..................................................................5

Johnston v. Port Auth. of N.Y. & N.J.,
    2011 U.S. Dist. LEXIS 82815, 2011 WL 3235760 (E.D.N.Y. July 28, 2011)..................11, 21

Jovanovic v. City of New York,
    486 Fed. Appx. 149 (2d Cir. 2012) ........................................................................19

Kinsella v. Rumsfeld,
    320 F.3d 309 (2d Cir. 2003)...................................................................................5

Lowth v. Town of Cheektowaga,
    82 F.3d 563 (2d Cir. 1996)....................................................................................14

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
    475 U.S. 574 (1986).............................................................................................5

Mitchell v. City of New York,
    No. 12 Civ. 2674 (LAK), 2014 U.S. Dist. LEXIS 17147 (S.D.N.Y. Feb. 11,
    2014) .................................................................................................................15

Monell v. Dep't of Soc. Servs.,
    436 U.S. 658 (1978)..............................................................................................22

Morgan v. County of Nassau,
    720 F. Supp. 2d 229 (E.D.N.Y. 2010) .....................................................................20

Nansaram v. City of New York,
    2015 U.S. Dist. LEXIS 124692 (E.D.N.Y. July 2, 2015).............................................14

Naughright v. Weiss,
    826 F. Supp. 2d 676 (S.D.N.Y. 2011)......................................................................21

Newton v. City of New York,
    681 F. Supp. 2d 473 (S.D.N.Y. 2010)......................................................................23

Pearson v. Callahan,
    555 U. S. 223 (2009)............................................................................................18

Pembaur v. City of Cincinnati,
    475 U.S. 469 (1986) (plurality opinion) ..................................................................22

People v Hakimi-Fard,
    519 N.Y.S.2d 766 (N.Y. City Ct. 1987) (No criminal intent or knowledge
    required to violate NY CLS Veh & Tr § 402) ...........................................................9

Posr v. Doherty,
    944 F.2d 91 (2d Cir. 1991).....................................................................................12

Quiles v. City of New York,
     2016 U.S. Dist. LEXIS 142943 (S.D.N.Y. Oct. 12, 2016) ..................................................9, 17

Rohman v. New York City Transit Authority,
     215 F.3d 208 (2d Cir. 2000).................................................................................................14

Saleh v. City of New York,
     No. 06 Civ. 1007 (SHS), 2007 U.S. Dist. LEXIS 92193 (S.D.N.Y. Dec. 17,
     2007) .....................................................................................................................................23

Saucier v. Katz,
     533 U.S. 194 (2001)..............................................................................................................16

Savino v. City of New York,
     331 F.3d 63 (2d Cir. 2003).....................................................................................................7

Simpson v. Uniondale Union Free Sch. Dist.,
     702 F. Supp. 2d 122 (E.D.N.Y. 2010) ..................................................................................21

Singer v. Fulton County Sheriff,
     63 F.3d 110 (2d Cir. 1995)......................................................................................................8

Smart v. City of New York,
     2009 U.S. Dist. LEXIS 30241 (S.D.N.Y. Apr. 1, 2009)..........................................................9

Smith v. City of New York,
     04 Civ. 3286 (TPG), 2010 U.S. Dist. LEXIS 88774 (S.D.N.Y. Aug. 27, 2010) .....................13

Soomro v. City of New York,
     13 Civ. 187 (LTS), 2016 U.S. Dist. LEXIS 42582, 2016 WL 1266069
     (S.D.N.Y. Mar. 30,2016) ........................................................................................................9

Sorlucco v. New York City Police Dep't.,
     971 F.2d 864 (2d Cir. 1992)...................................................................................................22

Stokes v. City of New York,
     No. 05-CV-7 (JFB) (MDG), 2007 U.S. Dist. LEXIS 32787 (E.D.N.Y. May 3,
     2007) .....................................................................................................................................23

Sylvester v. City of New York,
     889 N.Y.S.2d 508, 2009 N.Y. Misc. LEXIS 1474 (Sup. Ct. N.Y. County
     2009) .....................................................................................................................................21

United States v. Garcia,
     56 F.3d 418 (2d Cir. 1995)......................................................................................................6

United States v. Gori,
     230 F.3d 44 (2d Cir. 2000)......................................................................................................7

United States v. Santana,
    427 U.S. 38 (1976)..................................................................................................7

United States v. Wilson,
    11 F.3d 346 (2d Cir. 1993)......................................................................................6

Walczyk v. Rio,
    496 F.3d 139 (2d Cir. 2007)...................................................................................16

Washington v. County of Rockland,
    373 F.3d 310 (2d Cir. 2004)...................................................................................15

Weyant v. Okst,
    101 F.3d 845 (2d. Cir. 1996).............................................................................7, 8

Williams v. City of New York,
    2012 U.S. Dist. LEXIS 19207, 2012 WL 511533 (E.D.N.Y. Feb. 15, 2012) ...........7

**Statutes**

42 U.S.C. § 1983.......................................................................................... *passim*

New York City Traffic Law §4-08(j)(5)...........................................................9

New York State Penal Law § 220.03.............................................................18

New York State Public Health Law §3345.....................................................18

New York State Penal Law § 170.20.........................................................10, 11

New York State Vehicle and Traffic Law § 402.1(a)...................................8, 17

New York State Vehicle and Traffic Law § 402.1(b)..................................8, 17

**Other Authorities**

Fourth Amendment .............................................................................7, 14, 15

Fed. R. Civ. P. 56................................................................................1,2,5

Local Civil Rule 56.1...........................................................................2, 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

ERICKSON CABRERA,

                                        Plaintiff,

                                                                16 CV 1098 (GBD) (JCF)

                -against-

CITY OF NEW YORK; Police Officer BRIAN DENNIS,
Shield No. 13090; Sergeant JOSE CARABALLO, Shield
No. 12202; and JOHN and JANE DOE 1 through 10,

                                        Defendants.

-----------------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants the City of New York and Police Officer Brian Dennis and Sergeant

Jose Caraballo, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New

York, respectfully submit this memorandum of law in support of their motion for summary

judgment pursuant to FED. R. CIV. P. 56(c).

### PRELIMINARY STATEMENT

Erickson Cabrera, plaintiff, brings this action alleging various violations of his

federal constitutional rights. In his Second Amended Complaint dated June 27, 2016 (Amended

Complaint ("Am. Cmpl."), annexed to the Declaration of Paul H. Johnson dated March 17, 2017

("Johnson Decl."), Exhibit "A"), plaintiff alleges federal claims under 42 U.S.C. § 1983 for

unlawful stop and search, false arrest, malicious prosecution, denial of a constitutional right to a

fair trial, failure to intervene and negligent hiring. Plaintiff also asserts related state law claims of

state law assault and battery and negligent and intentional infliction of emotional distress. Defendants now move for summary judgment pursuant to FED. R. CIV. P. 56 on plaintiff's 42 U.S.C. § 1983 claims and related state law claims.

First, plaintiff's unlawful stop and search claim must fail because there was plaintiff willingly agreed to accompany police officers to a public area. Plaintiff's false arrest claim must fail because the undisputed facts show that there was probable cause to arrest plaintiff. Second, plaintiff's malicious prosecution claim fails because there was probable cause to commence a prosecution against plaintiff, plaintiff's criminal proceeding was not instituted with actual malice and that the issuance of a desk appearance ticket does not constitute a prosecution for the purposes of a malicious prosecution claim. Third, plaintiff's denial of a fair trial claim must fail because defendants did not fabricate any evidence and plaintiff did not suffer any deprivation of liberty due to any alleged fabrication. Fourth, plaintiff's failure to train must fail because plaintiff fails to allege facts from which the court may infer an actual causal link between a custom or policy of Defendant City of New York and the alleged constitutional violation of plaintiff's rights. Finally, plaintiff's failure to intervene and state law claims must fail because plaintiff pleads no facts in support of these claims.

## STATEMENT OF FACTS

Erickson Cabrera currently resides at 460 West 147 Street, Apartment 5-8 in New York County, New York. Defendant's Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1, dated February 17, 2017 ("Defs. 56.1") at ¶ 1. Plaintiff has resided at his current address for approximately 26 years. Defs. 56.1 at ¶ 2. Plaintiff purchased a 2007 Black BMW 35X from Lindsay Chevrolet in Virginia on August 15, 2015. Defs. 56.1 at ¶ 3. The car was sold to him by his cousin Angel Reyes, who is a manager at the dealership Defs. 56.1 at ¶ 4. Plaintiff was issued a temporary Virginia License plate No. 39956K which expired on September 14, 2015. Defs.

2

56.1 at ¶ 5. Plaintiff received the temporary license plate when he purchased the vehicle where it was attached to the front and back of the vehicle. Defs. 56.1 at ¶ 6.  At the time he purchased the vehicle, plaintiff obtained automobile insurance from GEICO. Defs. 56.1 at ¶ 7. Plaintiff used his home address at 460 West 147 Street to register his car for insurance. Defs. 56.1 at ¶ 8. At the time he purchased the vehicle, plaintiff also purchased his New York State registration and license plates. Defs. 56.1 at ¶ 9.

On September 11, 2015, plaintiff contacted Lindsay Chevrolet regarding his temporary license plates, which were set to expire. Defs. 56.1 at ¶ 10. On September 16, 2015 plaintiff received a copy of Virginia temporary license plates, No.  L140001 via email. Defs. 56.1 at ¶ 11. Plaintiff opened the email and the attachment to the email. Defs. 56.1 at ¶ 12. The email contained an electronic copy of temporary license plates with the license plate number L14001. Defs. 56.1 at ¶ 13. The temporary license plate's certificate of registration stated that the vehicle was purchased on September 14, 2015. Defs. 56.1 at ¶ 14. Plaintiff then printed out the temporary license plate and temporary certificate of registration on card stock and laminated the temporary license plate and the certificate of registration. Defs. 56.1 at ¶ 15. The temporary registration was signed by Erickson Cabrera on September 16, 2015. Defs. 56.1 at ¶ 16. The plate listed plaintiff as purchaser and listed the purchaser's address as 460 West 147 Street, Apartment 5-8 New York, New York. Defs. 56.1 at ¶ 17. Also on September 14, 2015 plaintiff was issued a New York State registration and New York State plates. Defs. 56.1 at ¶ 18. The registration stated that plaintiff's vehicle had New York State plate number HAU8087. Defs. 56.1 at ¶ 19.

On September 21, 2015, plaintiff's vehicle was parked near the intersection of 146th Street and Convent Avenue. Defs. 56.1 at ¶ 20. The vehicle had license plate number 39956K, with an expiration date of September 14, 2015 displayed in the vehicle's front and back license

plate holders. Defs. 56.1 at ¶ 21. The vehicle also had license plate number L14001 displayed in the front and back window. Defs. 56.1 at ¶ 22. Plaintiff's employee id was also visible in the windshield, hanging from the mirror. Defs. 56.1 at ¶ 23. Plaintiff's New York State license plates were not on the vehicle.  Defs. 56.1 at ¶ 24. Plaintiff was not in possession of his New York State registration on September 21, 2015. Defs. 56.1 at ¶ 25. Police Officer Brian Dennis drove past plaintiff's vehicle and observed it had expired temporary plates on the front and back of the vehicle. Defs. 56.1 at ¶ 26. Officer Dennis took a closer look at the vehicle and saw a third license plate with a different number than the two license plates affixed to the front and back of the vehicle. Defs. 56.1 at ¶ 27. Officer Dennis noticed the expiration date of the license plates affixed to the vehicle was different than the one affixed to the plate in the window. Defs. 56.1 at ¶ 28. Officer Dennis noticed that the plate placed in the dashboard was laminated. Defs. 56.1 at ¶ 29. Lieutenant Jose Caraballo noticed that the expiration date of the license plate placed on the license plate holder of the vehicle matched the date of sale listed on the license plate placed in the window. Defs. 56.1 at ¶ 30.

Police Officer Dennis and Sgt. Jose Caraballo went to plaintiff's residence and plaintiff's mother opened the door. Defs. 56.1 at ¶ 31. The police officers asked to speak with plaintiff. Defs. 56.1 at ¶ 32. Plaintiff came to the door. Defs. 56.1 at ¶ 33. The police officers told plaintiff, we have a warrant for you do you mind stepping down to see it. Defs. 56.1 at ¶ 34. Plaintiff said sure, no problem, I will go see. Defs. 56.1 at ¶ 35. Plaintiff willingly went with the police officer. Defs. 56.1 at ¶ 36.  Once plaintiff exited the building, he was placed under arrest and read his Miranda rights. Defs. 56.1 at ¶ 37. Plaintiff was then asked for his car keys. Defs. 56.1 at ¶ 38. Plaintiff was asked where his vehicle was parked. Defs. 56.1 at ¶ 39. Plaintiff was transported to the 30th Precinct. Defs. 56.1 at ¶ 40. Plaintiff's New York State license plates came up when Police Officer Dennis ran a report on plaintiff's vehicle. Defs. 56.1 at ¶ 41. Plaintiff's vehicle

was transported to the 30th precinct and impounded. Defs. 56.1 at ¶ 42. Plaintiff was charged with criminal possession of a forged instrument in the third degree. Defs. 56.1 at ¶ 43. Plaintiff was issued a desk appearance ticket and released. Defs. 56.1 at ¶ 44. The case against plaintiff was dismissed on February 1, 2016. Defs. 56.1 at ¶ 45.

## STANDARD OF REVIEW

Summary judgment is designed to expedite civil cases by eliminating from the trial calendar those claims that can be resolved as a matter of law. A court must grant a motion for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the non-movant, presents no genuine issue of material fact. Id.; Cifarelli v. Village of Babylon, 93 F.3d 47, 51 (2d Cir. 1996). A material fact is one that might affect the outcome of a suit under governing law. Kinsella v. Rumsfeld, 320 F.3d 309, 311 (2d Cir. 2003). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

In a motion for summary judgment, the moving party can show that no genuine issue of material fact exists by "setting forth specific facts denying [plaintiff's] claims." Jermosen v. Coughlin, 877 F. Supp. 864, 867 (S.D.N.Y. Mar. 3, 1995) (citing Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986)). The moving party may also prevail "by pointing out that there is an absence of evidence to support the non-moving party's case." Jermosen, 877 F. Supp. at 867 (quoting Gabai v. Jacoby, 800 F. Supp. 1149, 1153 (S.D.N.Y. Aug. 6, 1992)). In order to avoid summary judgment, the non-moving party must come forward with admissible evidence

sufficient to raise a genuine issue of fact for trial and not merely allegations or denials. <u>Isaac v.</u>
<u>City of New York,</u> 701 F. Supp. 2d 477, 485 (S.D.N.Y. 2010). Evidence which is merely
"colorable, conclusory, speculative or not significantly probative" is insufficient to withstand a
summary judgment motion. <u>Gabai</u>, 800 F. Supp. at 1153 (S.D.N.Y. Aug. 6, 1992). A motion for
summary judgment, therefore, requires the party with the burden of proof at trial to "make a
showing sufficient to establish the existence of an element essential to that party's case . . . since
a complete failure of proof concerning an essential element of the nonmoving party's case
necessarily renders all other facts immaterial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23
(1986).

      In this case, summary judgment should be granted in favor of defendants because
there are no issues of material fact to warrant a trial on any of plaintiff's claims.

### ARGUMENT

### POINT I

### PLAINTIFF CONSENTED TO ANY SEARCH AND SEIZURE

      An individual's consent renders a search reasonable. <u>United States v. Garcia</u>, 56
F.3d 418, 422 (2d Cir. 1995). To ascertain the consent's validity, a court must examine the
"totality of the circumstances." <u>United States v. Wilson</u>, 11 F.3d 346, 351 (2d Cir. 1993) (citing
<u>Schneckloth v. Bustamonte</u>, 412 U.S. 218, 227 (1973)). A court must assess whether the consent
was a "product of that individual's free and unconstrained choice . . . rather than a mere
acquiescence in a show of authority." <u>Wilson</u>, 11 F.3d at 351.

      In this matter, based on the facially deficient non-matching temporary license
plates and the potentially open warrant, Officer Dennis and Sgt. Caraballo went to plaintiff's
door. Defs. 56.1 at ¶¶ 26-30; Warrant check, Johnson Decl., Exhibit "J" at Bates Stamp Nos.
DEF000031 through DEF000032. Plaintiff willingly went downstairs with Officer Dennis and

Sgt. Caraballo.  (Defs. 56.1 at ¶ 36; Amended Complaint ("Am. Cmpl."), Johnson Decl., Exhibit "A" at ¶ 19). Plaintiff was placed under arrest in a public place. Defs. 56.1 at ¶ 37. There was no force used, nor were guns drawn and therefore no reasonable officer would believe plaintiff had been coerced and thus his seizure was lawful. Therefore plaintiff's search and seizure claim must fail. "[I]f a person voluntarily places himself or his home in public view, then there is no longer a reasonable expectation of privacy and the police can make a warrantless arrest." Williams v. City of New York, 2012 U.S. Dist. LEXIS 19207, *26, 2012 WL 511533 (E.D.N.Y. Feb. 15, 2012). See also, United States v. Santana, 427 U.S. 38, 42 (1976) (arrest of suspect standing in the doorway of her home did not require a warrant); United States v. Gori, 230 F.3d 44, 52-54 (2d Cir. 2000) (arrest of suspects who opened the door to their home in response to the knock of an invitee did not require a warrant).

## POINT II

## THERE WAS PROBABLE CAUSE TO ARREST PLAINTIFF

Defendants are entitled to summary judgment on plaintiff's false arrest claim because plaintiff's arrest was supported by probable cause. The Second Circuit has held that a § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York state law. See Weyant v. Okst, 101 F.3d 845, 852 (2d. Cir. 1996) (citations omitted).  Further, in order to state a claim for false arrest, plaintiff must prove: "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003) (quoting

Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994)); Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995).

"The existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest.'" Weyant v. Okst, 101 F.3d 845, 852 (2d. Cir. 1996) (quoting Bernard, 25 F.3d at 102). "There can be no federal civil rights claim for false arrest where the arresting officer had probable cause." Singer, 63 F.3d at 118. See also, Jenkins v. City of New York, 478 F.3d 76, 88 (2d Cir. 2007) ("summary judgment dismissing a plaintiff's false arrest claim is appropriate if the undisputed facts indicate that the arresting officer's probable cause determination was objectively reasonable."). "[A] claim for false arrest turns only on whether probable cause existed to arrest a defendant, and that it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." Jaegly v. Couch, 439 F.3d 149, 154 (2d Cir. 2006) (citing Devenpeck v. Alford, 543 U.S. 146, 153-54 (2004)).

New York State Vehicle and Traffic Law § 402.1(a) states that vehicles registered in New York that are parked on a public roadway shall display "a set number of plates issued by the commissioner with a number and other identification matter if any, corresponding to that of the certificate of registration conspicuously displayed." It is undisputed that plaintiff's vehicle was registered in New York on September 21, 2015. Defs. 56.1 at ¶ 18. It is undisputed that plaintiff's vehicle was parked on a public roadway and that plaintiff was not displaying his New York State registration and New York state plates. Defs. 56.1 at ¶¶ 20, 24-25. It is also undisputed that the mismatched license plates were visible to the defendant officers. Defs. 56.1 at ¶¶ 26-30.

Further, New York State Vehicle and Traffic Law § 402.1(b) states that license plates "shall not be covered by glass or any artificial or synthetic material." It is undisputed that

plaintiff knowingly covered his license plate with artificial and synthetic material. Defs. 56.1 at ¶ 15. It is undisputed the officers noticed that plaintiff's license plates were laminated. . Defs. 56.1 at ¶ 29. Finally, New York City Traffic Law §4-08(j)(5) states that "No person shall stand or park a vehicle bearing registration plates, stickers, and tags that do not match as to information contained thereon." It is undisputed that plaintiff's vehicle was parked on a public roadway displaying license plates that did not match nor did they match the license plates registered to plaintiff's vehicle in New York State. Finally two of the plates displayed on the vehicle were expired. Defs. 56.1 at ¶¶ 20-24.

Therefore probable cause existed for plaintiff's arrest. This is because probable cause to arrest can be premised on even minor traffic violations. "Even though [a traffic] violation may be reasonably characterized as a 'minor' offense, it is well-established that an officer's direct observation of even a minor traffic violation is sufficient probable cause to arrest the violator." Smart v. City of New York, 2009 U.S. Dist. LEXIS 30241 *14 (S.D.N.Y. Apr. 1, 2009). "A traffic infraction is deemed an offense that can give rise to probable cause for arrest." Soomro v. City of New York, 13 Civ. 187 (LTS), 2016 U.S. Dist. LEXIS 42582, 2016 WL 1266069, at *4 (S.D.N.Y. Mar. 30,2016). See also, Quiles v. City of New York, 2016 U.S. Dist. LEXIS 142943, *17 (S.D.N.Y. Oct. 12, 2016); Kennedy v. City of New York, 570 F. App'x 83, 84 (2d Cir. 2014). Finally, New York VTL § 155 explicitly states that "[f]or purposes of arrest without a warrant . . . a traffic infraction shall be deemed an offense." Therefore probable cause existed for plaintiff's arrest. Here, the multiple temporary license plates on plaintiff's car clearly appeared to be improper and even if their use was inadvertent the display of those plates by plaintiff was a violation of NY CLS Veh & Tr § 402. People v Hakimi-Fard, 519 N.Y.S.2d 766 (N.Y. City Ct. 1987) (No criminal intent or knowledge required to violate NY CLS Veh & Tr § 402).

Finally, based on the totality of the circumstances faced by the defendant officers on September 21, 2015, they had probable cause to believe plaintiff possessed a forged instrument in violation of New York State Penal Law § 170.20, which states that "[a] person is guilty of criminal possession of a forged instrument in the third degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he utters or possesses a forged instrument." Plaintiff had multiple license plates visible on his vehicle; one of the plates was laminated and had a date of purchase that was the same day as the expiration date of the license plate also displayed on his vehicle. Officer Dennis stated that it was suspicious to him that plaintiff had two temporary plates issued in succession with each having different expiration dates and different numbers. (Deposition of Police Officer Brian Dennis ("Dennis Dep."), taken on January 27, 2017, Johnson Decl., Exhibit "D" at 81:7-17). He said that doesn't happen in his training and experience.  Id. Lt. Caraballo said it was unusual that the temporary license plate's date of purchase was the same date as the expiration date of the first temporary license plate. Deposition of Jose Caraballo, taken on January 31, 2017, ("Caraballo Dep."), Johnson Decl., Exhibit "E" at 236:4-5. "For a car to be sold on the same day that the vehicle's tag would be expired doesn't make any sense," Lt. Caraballo testified.  Id. According to Lt. Caraballo if the vehicle was actually sold on September 14, 2015 then temporary license plate number L14001 would be the original tag issued to the vehicle not the older license plate that expired on September 14, 2015. Id. at 236:10-12.

Officer Denis stated that the lamination of the temporary license plates obscured the security features on the license plate. And it is his training that temporary license plates should have security features. Dennis Dep., Johnson Decl., Exhibit "D" at 228:10-17. Further, plaintiff's name and address was on the temporary license plate and plaintiff's work ID was on visible from inside the vehicle. Def's  56.1  ¶¶ 21-23. That means plaintiff is the only one who

could benefit from having the mismatched temporary license plates. "The fact that the owner of the car appears to be the same name on the laminated plate – there's a possibility that you can now charge that person with forgery as well because nobody else would have anything to gain by it," Officer Dennis testified.  Dennis Dep., Johnson Decl., Exhibit "D" at 80:18-24.  Based on all of these factors, defendants had probable cause to arrest plaintiff for possession of a forged instrument.

Thus, the information known to the police officers provided probable cause to arrest plaintiff for possession of a forged instrument in the third degree. New York Law does not require a showing of actual use or attempted use of a forged document in order to prove an intent to defraud pursuant to NYS PL § 170.20. "Fraudulent intent is usually not susceptible of proof by direct evidence and must ordinarily be inferred from circumstantial evidence such as the defendant's knowledge of the misleading or deceptive nature [of his actions]." Johnston v. Port Auth. of N.Y. & N.J., 2011 U.S. Dist. LEXIS 82815, *24-26, 2011 WL 3235760 (E.D.N.Y. July 28, 2011) (Citations omitted). The undisputed facts show that one license plate had a date of purchase that matched the expiration date of the other license plate, that the license plates were possessed by plaintiff and that plaintiff admitted he printed out the license plate on card stock, signed it and laminated it. Def's 56.1 ¶¶ 11-16. Those facts provided probable cause for defendants to arrest plaintiff for possession of a forged instrument in the third degree.

### POINT III

### DEFENDANTS SHOULD BE GRANTED SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM FOR MALICIOUS PROSECUTION

Defendants should be granted summary judgment on plaintiff's claim for malicious prosecution. To establish a claim of malicious prosecution under 42 U.S.C. §1983, a

11

plaintiff must establish that: "(1) the defendant either commenced or continued a criminal proceeding against him; (2) that the proceeding terminated in his favor; (3) that there was no probable cause for the criminal proceeding; and (4) that the criminal proceeding was instituted with actual malice." Posr v. Doherty, 944 F.2d 91, 100 (2d Cir. 1991) (citations omitted). Further, a plaintiff must also establish a deprivation of liberty consistent with the concept of seizure. Cunningham v. City of New York, No. 04 Civ. 10232 (LBS), 2007 U.S. Dist. LEXIS 69801, at *12 (S.D.N.Y. Sept. 18. 2007) (citing Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d. Cir. 1995)). A plaintiff must satisfy all five elements of this claim in order to survive a motion for summary judgment. Plaintiff, however, cannot satisfy this burden because defendants did not initiate or continue the prosecution against plaintiff; there was probable cause to commence plaintiff's prosecution; and defendants did not institute plaintiff's criminal proceeding with actual malice and plaintiff did not suffer a deprivation of liberty consistent with the concept of seizure.

### A. Defendants Did Not Initiate or Continue a Criminal Proceeding Against Plaintiff.

Plaintiff's malicious prosecution claim fails because defendants did not commence plaintiff's underlying criminal prosecution. "New York law imposes a presumption that a prosecutor exercises his own independent judgment in deciding to prosecute a criminal defendant." Guzman v. United States, No. 11 Civ. 5834 (JPO), 2013 U.S. Dist. LEXIS 131684, at *19 (S.D.N.Y. Feb. 14, 2013) (citation omitted). "[A] malicious-prosecution claim cannot stand if the decision made by the prosecutor to bring criminal charges was independent of any pressure exerted by [the] police." Alcantara v. City of New York, 646 F. Supp. 2d 449, 457 (S.D.N.Y. June 23, 2009) (citations omitted). Further, "once a criminal defendant has been formally charged, the chain of causation between the officer's conduct and the claim of malicious

prosecution is broken by the intervening actions of the prosecutor, thereby abolishing the officer's responsibility for the prosecution." <u>Smith v. City of New York</u>, 04 Civ. 3286 (TPG), 2010 U.S. Dist. LEXIS 88774, at *22 (S.D.N.Y. Aug. 27, 2010) (citing <u>Alcantara</u>, 646 F. Supp. 2d at 459).

   Plaintiff has not proffered any evidence to overcome the presumption that the District Attorney for New York County exercised independent judgment in deciding to prosecute him or to continue to prosecute him. Further, there is no evidence that the defendants encouraged or influenced the prosecutor to make any decision or otherwise played an active role in the prosecution of plaintiff's criminal case. Accordingly, plaintiff cannot satisfy the initiation or continuation element of his malicious prosecution claim.

### B. There was Probable Cause for the Criminal Prosecution Against Plaintiff.

   Plaintiff's malicious prosecution claim must fail because plaintiff has failed to demonstrate mitigating factors to vitiate probable cause which were first uncovered after the arrest. Probable cause for malicious prosecution "is assessed in light of the facts known or reasonably believed at the time the prosecution was initiated, as opposed to at the time of arrest." <u>Carson v. Lewis</u>, 35 F.Supp.2d 250, 263 (E.D.N.Y. 1999) (citing Dukes v. City of New York, 879 F.Supp. 335, 342 (S.D.N.Y. 1995)). Therefore "a malicious prosecution claim will be defeated by a finding of probable cause to arrest, unless the plaintiff can demonstrate mitigating facts to vitiate probable cause which were first uncovered after the arrest." Drummond v. Castro, 522 F. Supp. 2d 667 (S.D.N.Y. 2007).

   As set forth in Point II, *supra*, defendants had probable cause to arrest plaintiff on September 21, 2015 for possession of a forged instrument. Therefore plaintiff's malicious prosecution claim must fail because there was probable cause for plaintiff's arrest and plaintiff

has failed to show any mitigating factors to vitiate probable cause which were first uncovered in the intervening days before the prosecution against him was initiated.

### C. Plaintiff's Criminal Proceeding was not Instituted with Actual Malice.

Plaintiff's malicious prosecution claim also fails because defendants did not prosecute plaintiff with actual malice.[1]  Probable cause to prosecute "precludes a finding of malice, as there is no 'improper motive' in following through on the prosecution of a defendant lawfully arrested."  Husbands v. City of New York, 2007 U.S. Dist. LEXIS 61042, at *31 (S.D.N.Y Aug. 16, 2007).  In addition, plaintiff must do more than state conclusory allegations that defendants acted with actual malice.  Nansaram v. City of New York, 2015 U.S. Dist. LEXIS 124692, at *37 (E.D.N.Y. July 2, 2015).

As set forth in Point II, *supra*, defendants had probable cause to prosecute plaintiff.  Further, plaintiff did not proffer any evidence that his prosecution involved actual malice.  In the Complaint, plaintiff merely stated that "Defendants initiated criminal proceedings against Plaintiff without probable cause or reason to believe that the criminal charges could succeed."  Am. Cmpl., Johnson Decl., Exhibit "A", at ¶ 48.  This conclusory, generalized statement cannot satisfy the requisite standard for actual malice. Therefore, based on all of the foregoing, plaintiff's claim for malicious prosecution fails.

### D. Plaintiff's Suffered No Deprivation of Liberty.

A malicious prosecution claim brought under § 1983 requires showing "a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights."  Rohman v. New York City Transit Authority, 215 F.3d 208, 215 (2d Cir. 2000).

---

[1] Malice consists of "a wrong or improper motive, something other than a desire to see the ends of justice served." Lowth v. Town of Cheektowaga, 82 F.3d 563, 573 (2d Cir. 1996) (quoting Nardelli v. Stamberg, 44 N.Y.2d 500, 503 (1978)).

"[T]here must be a seizure or other 'perversion of proper legal procedures' implicating the claimant's personal liberty and privacy interests under the Fourth Amendment." <u>Washington v. County of Rockland</u>, 373 F.3d 310, 316 (2d Cir. 2004) (citing Singer, 63 F.3d at 117). In this matter, plaintiff received a desk appearance ticket and did not have to post bond. Defs. 56.1 at ¶ 44. A Desk Appearance Ticket is not a seizure for purposes of a malicious prosecution claim. <u>Mitchell v. City of New York</u>, No. 12 Civ. 2674 (LAK), 2014 U.S. Dist. LEXIS 17147, at *19 (S.D.N.Y. Feb. 11, 2014) (granting defendants' motion for summary judgment as to plaintiff's claim of malicious prosecution where plaintiff merely received a Desk Appearance Ticket.) (citing <u>Burg v. Gosselin</u>, 591 F.3d 95, 98, 101 (2d Cir. 2010). Therefore, "a charge and a warrantless arrest -- concluding with the issuance of the desk appearance ticket -- may be a sufficient deprivation of liberty to support a claim for false arrest, but do not amount to a prosecution and cannot alone support a claim for malicious prosecution." <u>Garrett v. Port Auth.</u>, 2006 U.S. Dist. LEXIS 55548, *21 (S.D.N.Y. Aug. 7, 2006) (citations omitted).

## POINT IV

### DEFENDANTS DENNIS AND CARABALLO ARE ALSO ENTITLED TO QUALIFIED IMMUNITY

#### A. Defendant Dennis and Caraballo are Entitled to Qualified Immunity With Respect to Plaintiff's False Arrest Claim.

Defendants Dennis and Caraballo should be granted qualified immunity with respect to plaintiff's false arrest claim. The "doctrine of qualified immunity shields public officials performing discretionary functions from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known or insofar as it was objectively reasonable for them to believe that their acts did not

violate those rights." Bradway v. Gonzales, 26 F.3d 313, 317-18 (2d Cir. 1994) (internal citations and quotations omitted).  An officer is entitled to qualified immunity for a false arrest claim in the absence of probable cause if the officer can establish there was "arguable probable cause" to arrest. Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004).  Thus, a police officer "is entitled to qualified immunity if either (1) it was objectively reasonable for the officer to believe that probable cause existed, or (2) officers of reasonable competence could disagree on whether the probable cause test was met." Walczyk v. Rio, 496 F.3d 139, 163 (2d Cir. 2007).  For qualified immunity purposes, in deciding whether an officer's conduct was "objectively reasonable," the Court must examine the information possessed by the officer at the time of the arrest, but "[courts] do not consider the subjective intent, motives, or beliefs" of the officer. Connecticut ex rel. Blumenthal v. Crotty, 346 F.3d 84, 106 (2d Cir. 2003).

The Supreme Court has said that courts should decide the issue of qualified immunity at the earliest opportunity. Saucier v. Katz, 533 U.S. 194, 200 (2001). "Qualified immunity shields a government official not only from 'liability, but from having to endure the rigors of litigation.' 5 Borough Pawn, 2009 U.S. Dist. LEXIS 54069, 2009 WL 1834584, at *9 (*citing Pearson*, 129 S. Ct. at 815(citing cases); *Iqbal*, 129 S. Ct. at 1945-46)." Dawkins v. Gonyea, 646 F. Supp. 2d 594, 613 (S.D.N.Y. 2009).  "The question to be answered is whether the defendant officer, confronted with the facts as alleged by the plaintiff, could reasonably have believed that his actions did not violate some settled constitutional right." *5 Borough Pawn*, LLC, 2009 U.S. Dist. LEXIS 54069, 2009 WL 1834584, at *9 (*citing Stephenson*, 332 F.3d at 68)." Id.

Further, the U.S. Supreme Court recently stated that Courts need to address the qualified immunity doctrine with specificity and state what clearly defined right defendants violated. In White v. Pauly, the Court stated: "[I]t is again necessary to reiterate the longstanding

principle that 'clearly established law' should not be defined 'at a high level of generality.' Ashcroft v. al-Kidd, 563 U. S. 731, 742 (2011)... Otherwise, [p]laintiffs would be able to convert the rule of qualified immunity . . . into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights." Id.   The Court stressed that for qualified immunity to be inapplicable, existing precedent must have placed the statutory or constitutional question "beyond debate." Id. at 468. As White v. Pauly reiterates, the protection of qualified immunity "'is effectively lost if a case is erroneously permitted to go to trial,'" Id. at 468 (quoting Pearson v. Callahan, 555 U. S. 223, 231 (2009)).

As set forth in Point II *supra*, defendants Dennis and Caraballo had probable cause to arrest plaintiff on September 21, 2015 for violations of the New York State Motor Vehicle Traffic Law. If the Court concludes that probable cause was absent, however, there was still "arguable probable cause" to arrest plaintiff. Even if they lacked probable cause to arrest plaintiff, they had arguable probable cause to arrest plaintiff because there is no clearly established law that an individual cannot be arrested for a routine traffic violation. In fact, clearly established law says the exact opposite that an individual can be arrested for a traffic violation. Quiles v. City of New York, 2016 U.S. Dist. LEXIS 142943, *16-17 (S.D.N.Y. Oct. 12, 2016). Finally, it cannot be denied that plaintiff violated the literal language of NYS VTL § 402.1(b) which states that license plates "shall not be covered by glass or any artificial or synthetic material." It also cannot be denied that plaintiff violated the literal language of NYS VTL § 402.1(a) which states that vehicles registered in New York that are parked on a public roadway display "a set number of plates issued by thee commissioner with a number and other identification matter if any, corresponding to that of the certificate of registration conspicuously displayed." "[A]n officer's reliance on the literal language of a statute will often be sufficient to warrant qualified immunity." Cortes v. City of New York, 148 F. Supp. 3d 248, 254-255

(E.D.N.Y. 2015). In Cortes, while plaintiff was charged with criminal possession of a controlled substance in the seventh degree the Court found arguable probable cause to arrest plaintiff for violating Public Health Law §3345 and Penal Law § 220.03, which prohibits an individual from possessing a controlled substance outside of its prescription container. Id.

### B. Defendants Dennis and Caraballo are also Entitled to Qualified Immunity With Respect to Plaintiff's Malicious Prosecution Claim.

Defendants Dennis and Caraballo should also be granted qualified immunity with respect to plaintiff's malicious prosecution claim.  The "arguable probable cause" standard applies equally to claims for malicious prosecution as well as to claims for false arrest. Akinnagbe v. City of New York, No. 14 CV 6147 (BMC), 2015 U.S. Dist. LEXIS 117375, at *36 (E.D.N.Y. Sept. 1, 2015) (citing Betts v. Shearman, 751 F.3d 78, 82-83 (2d Cir. 2014)).  As set forth in Point II supra, there was probable cause to arrest plaintiff. In the alternative, arguable probable existed under the objectively reasonable standard.  Further, there were no newly discovered facts, and plaintiff did not proffer any evidence, that would warrant a change in either probable cause or arguable probable cause between the time of arrest and the initiation of the prosecution that show plaintiff did not in fact have multiple license plates on his vehicle with conflicting dates.  Finally, there was no clearly established law that states a person cannot be arrested for possession of a forged instrument for displaying two different license plates with conflicting information, even if they were wrong that that is against the law.  Qualified immunity is applicable regardless of "whether a government actor's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (citations omitted).  The Supreme Court has noted time and again that "[t]he qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly

incompetent or those who knowingly violate the law.'" <u>Hunter v. Bryant</u>, 502 U.S. 224, 229 (1991) (per curiam) (quoting <u>Malley v. Briggs</u>, 475 U.S. 335, 341 (1986)). It was reasonable for the officers to assume that the conflicting information on plaintiff's vehicle was done to benefit plaintiff and therefore defendants had at a minimum arguable probable cause to arrest plaintiff for possession of a forged instrument in the third degree. Therefore, defendants Dennis and Caraballo are entitled to qualified immunity for plaintiff's malicious prosecution claim as, at a minimum, they had arguable probable cause for plaintiff's arrest.

<b><u>POINT V</u></b>

<b>PLAINTIFF'S DENIAL OF A RIGHT TO A<br>FAIR TRIAL <u>MUST FAIL</u></b>

To prevail on a fabrication of evidence claim, a plaintiff must show that "an (1) investigating official (2) fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result." <u>Jovanovic v. City of New York,</u> 486 Fed. Appx. 149, 152, (2d Cir. 2012) (citing <u>Jocks v. Tavernier</u>, 316 F.3d 128, 138 (2d Cir. 2003).

As stated in Point II, *supra*, plaintiff knowingly placed on his vehicle a license plate that stated he purchased the vehicle on September 14, 2015 and a license plate that expired on September 14, 2015. The prosecutor moved to dismiss the charges against him. Defs. 56.1 at ¶ 45. Plaintiff presents no evidence to support his denial of a right to a fair trial claim. Plaintiff has pled no facts to suggest a chain of causation between Defendants and any alleged denial of a fair trial or that the prosecutor in this matter did not exercise independent judgment to dismiss the case against plaintiff. Plaintiff merely states that "the officers relayed this false charge to employees of the New York County District Attorney's office." (Am. Cmpl., Johnson Decl., Exhibit "A" at ¶ 24). Finally, plaintiff 's denial of a fair trial claim is also improper as plaintiff

suffered no deprivation of liberty as a result of any documents being forwarded to the district attorney's office because plaintiff received a desk appearance ticket and did not have to post bond. See, e.g., Antes v. Bonura, 2013 U.S. Dist. LEXIS 36255, at *15 (S.D.N.Y. Feb. 25, 2013) (where plaintiff received an appearance ticket and was released without having to post bail, no deprivation of liberty even though plaintiff had to appear in court "a couple of times" to resolve the case.) . Therefore, an individual cannot claim denial of a right to a fair trial for having to respond to a court order. "[M]erely having to respond to orders of the court and attend court hearings is insufficient to allege a deprivation of liberty." Arbuckle v. City of New York, 2016 U.S. Dist. LEXIS 136857, *32 (S.D.N.Y. Sept.30, 2016).

## POINT VI

### PLAINTIFF'S FAILURE TO INTERVENE CLAIM MUST FAIL

As argued in Point II, *supra,* there was probable cause to arrest plaintiff and therefore there can be no failure to intervene by defendants.  Moreover, there can be no failure to intervene, however, where there was no constitutional violation.  Feinberg v. City of New York, No. 99 Civ. 12127, 2004 U.S. Dist. LEXIS 16098, 2004 WL 1824373, at *4 (S.D.N.Y. Aug. 13, 2004) ("If the Court determines that the officer's conduct did not violate a constitutional right, however, the analysis ends."). Further as both defendants are alleged to have participated in the unconstitutional conduct, they cannot be liable for a failure to intervene on behalf of their own conduct. Morgan v. County of Nassau, 720 F. Supp. 2d 229, 240 (E.D.N.Y. 2010).

## POINT VII

### PLAINTIFF'S STATE LAW CLAIMS MUST FAIL

#### a.  Plaintiff's arrest was lawful

Plaintiff state law claims for assault and battery, intentional infliction of emotional distress, negligent infliction of emotional distress must fail because plaintiff pleads no facts to support those claims.  Police officers executing a lawful arrest cannot be held liable for battery. "[o]fficers executing a lawful arrest are privileged to commit any battery that is reasonably necessary to effect the arrest."  Johnston v. Port Auth. of N.Y. & N.J., No. 09-CV-4432 (JG) (CLP), 2011 U.S. Dist. LEXIS 82815, at *35-36 (E.D.N.Y. July 28, 2011) (granting summary judgment to defendants against plaintiff's claim of assault).

Further, an officer cannot be held liable for assault if he uses the minimum amount of force necessary to effectuate the arrest. Sylvester v. City of New York, 889 N.Y.S.2d 508, 2009 N.Y. Misc. LEXIS 1474, at *8-9 (Sup. Ct. N.Y. County 2009) ("To sustain a cause of action to recover damages for assault . . . there must be some evidence of force exercised in excess of what is inherent in an arrest."). As argued in Point II, *supra,* there was probable cause for plaintiff's arrest; therefore there can be no state law claims for assault and battery.

### b. Plaintiff's Intentional and Negligent Infliction of Emotional Distress Claims Must Fail.

Under New York law, the torts of negligent infliction of emotional distress and intentional infliction of emotional distress have four elements: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress.  Simpson v. Uniondale Union Free Sch. Dist., 702 F. Supp. 2d 122, 134 (E.D.N.Y. 2010); see also Naughright v. Weiss, 826 F. Supp. 2d 676, 697 (S.D.N.Y. 2011) (A cause of action for either intentional or negligent infliction of emotional distress must allege that the defendants' conduct was "so outrageous in character, and so extreme in degree, as to go beyond

all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.").

## POINT VIII

### PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE CITY

Plaintiff alleges that defendant City of New York is liable for his constitutional violations under a theory of municipal liability pursuant to Monell. (Am. Cmpl. Johnson Decl., Exh. A at ¶¶ 57-68). Plaintiff, however, has not alleged a Monell claim that is plausible on its face. Nor has plaintiff established that there is a genuine issue of material fact with respect to this claim.

There is no *respondeat superior* liability under § 1983. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Instead, to hold a municipality liable under § 1983, a plaintiff must allege a policy or custom beyond mere employment of the government actor. Jean v. City of New York, No. 08 Civ. 00157 (RER), 2009 U.S. Dist. LEXIS 98239, at *27 (S.D.N.Y. Oct. 22, 2009) (citing Jeff v. Barnes, 208 F.3d 49, 61 (2d Cir. 2000)). In order to proceed on a theory of municipal liability, a plaintiff must demonstrate one of the following: (1) the existence of a formal policy, officially promulgated or adopted by a municipality, Monell, 436 U.S. at 690; (2) that the official(s) responsible for establishing policy with respect to the subject matter in question took specific action that caused the alleged violation of the plaintiff's rights, Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84 (1986) (plurality opinion); (3) the existence of an unlawful practice by subordinate officials so permanent and well settled to constitute "custom or usage," with proof that this practice was so manifest as to imply the acquiescence of policy-making officials, City of St. Louis v. Praprotnik, 485 U.S. 112, 127-30 (1985) (plurality opinion), Sorlucco v. New York City Police Dep't., 971 F.2d 864, 871 (2d Cir. 1992); or (4) a

failure to train or supervise that amounts to "deliberate indifference" to the rights of those with whom the municipality's employees interact, City of Canton v. Harris, 489 U.S. 378, 388 (1989); Jenkins v. City of New York, 478 F.3d 76, 94 (2d Cir. 2007); Saleh v. City of New York, No. 06 Civ. 1007 (SHS), 2007 U.S. Dist. LEXIS 92193 (S.D.N.Y. Dec. 17, 2007).

Finally, Plaintiff's claim for negligent hiring , training and retention also fails as a matter of law and must be dismissed.  To state a claim for ordinary negligence under New York law, a plaintiff must plausibly allege three elements: "'(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof.'" Alfaro v. Wal-Mart Stores, Inc., 210 F.3d 111, 114 (2d Cir. 2000) (quoting Akins v. Glens Falls City Sch. Dist., 53 N.Y.2d 325, 333, 424 N.E.2d 531, 441 N.Y.S.2d 644 (1981)).  Such a claim cannot be sustained, however, when the defendant acts within the scope of her employment.  See e.g., Newton v. City of New York, 681 F. Supp. 2d 473, 494-95 (S.D.N.Y. 2010); Stokes v. City of New York, No. 05-CV-7 (JFB) (MDG), 2007 U.S. Dist. LEXIS 32787, at *53-54 (E.D.N.Y. May 3, 2007); Colodney v. Continuum Health Partners, Inc., No. 03 Civ. 7276 (DLC), 2004 U.S. Dist. LEXIS 6606, *27-28 (S.D.N.Y. Apr. 15, 2004).  As Court in this Circuit have noted, "[t]o maintain a claim against a municipal employer for 'negligent hiring, training, and supervision' of a tortfeasor under New York law, a plaintiff must show that the employee acted outside the scope of employment when committing the tort." Cerbelli v. City of New York, No. 99-CV-6846 (ARR) (RML), 2008 U.S. Dist. LEXIS 109341, at *85 (E.D.N.Y. Sept. 8, 2008), report accepted by, 2008 U.S. Dist. LEXIS 77335, at *2-4 (E.D.N.Y. Sept. 30, 2008) (citations omitted).

Here, plaintiff specifically alleges that all defendants were acting within the scope of their employment. This is legally inconsistent with plaintiff's claim against defendant City for negligent hiring, retention, supervision, and training.  Thus, this claim fails.  Moreover, even

assuming this claim was proper, plaintiff has no evidence in support of any of the essential elements of such a claim.  For this reason as well, summary judgment should be granted in favor of defendants.

## CONCLUSION

For the foregoing reasons, defendants City of New York, Police Officer Brian Dennis and Sergeant Jose Caraballo respectfully request that the Court grant their motion for summary judgment in its entirety, together with costs, fees and such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            March 17, 20176

                                ZACHARY W. CARTER
                                Corporation Counsel of the City of New York
                                *Attorney for Defendants City of New York,*
                                *Dennis and Caraballo*
                                100 Church Street
                                New York, New York 10007
                                (212) 356-2658

                                By:  _____

                                     Paul H. Johnson
                                     *Assistant Corporation Counsel*
                                     Special Federal Litigation Division

To:     Gabriel Harvis, Esq.  **(VIA ECF)**
        *Attorney for Plaintiff*
        305 Broadway, 14th Floor
        New York, New York 10007