UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x

ERICKSON CABRERA,

                              Plaintiff,

            -against-

CITY OF NEW YORK; Police Officer BRIAN DENNIS, Shield No. 13090; Sergeant JOSE CARABALLO, Shield No. 12202; and JOHN and JANE DOE 1 through 10,

                              Defendants.

**DEFENDANTS' STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL CIVIL RULE 56.1**

16 CV 1098 (GBD) (JCF)

----------------------------------------------------------------- x

Pursuant to Local Rule 56.1 of the Civil Rules of this Court, defendants City of New York, Police Officer Brian Dennis and Lieutenant Jose Caraballo submit the following statement of material facts as to which there is no genuine issue to be tried:

1. Erickson Cabrera currently resides at 460 West 147 Street, Apartment 5-8 in New York County, New York. (50-H hearing of Erickson Carbera taken on February 5, 2016 ("Cabrera Hearing"), annexed to the Declaration of Paul H. Johnson ("Johnson Decl."), dated July 15 2016 Exhibit "B" at 3:10; Deposition of Erickson Cabrera taken on September 8, 2015 ("Cabrera Dep."), Johnson Decl., Exhibit "C" at 12:2).

2. Plaintiff has resided at his current address for approximately 26 years. (Cabrera Hearing, Johnson Decl., Exhibit "B" at 6:13; Cabrera Dep., Johnson Decl., Exhibit "C" as 12:5).

3. Plaintiff purchased a 2007 Black BMW 35X from Lindsay Chevrolet in Virginia on August 15, 2015. (Temporary Certificate of Registration ("Temp. Reg 1"), Johnson Decl., Exhibit "H" at P063; Cabrera Dep., Johnson Decl., Exhibit "C" at 19:24-25).

1

4. The car was sold to him by his cousin Angel Reyes, who is a manager at the dealership. (Cabrera Hearing, Johnson Decl., Exhibit "B" at 30:1-7; Cabrera Dep., Johnson Decl., Exhibit "C" at 18-5-7).

5. Plaintiff was issued a temporary Virginia License plate No. 39956K which expired on September 14, 2015. (Cabrera Hearing, Johnson Decl., Exhibit "B" at 30:11-12; Virginia Temporary License Plate Number 39956K, expiration date September 14, 2015 ("Temp Plate 1"), Exhibit "F" at Bates Stamp No. DEF000071 and P063 also referenced as Exhibit "A" at plaintiff's September 8, 2016 deposition;).

6. Plaintiff received the temporary license plate when he purchased the vehicle where it was attached to the front and back of the vehicle. (Cabrera Dep., Johnson Decl., Exhibit "C" at 23:12-15).

7. At the time he purchased the vehicle, plaintiff obtained automobile insurance from GEICO. (Cabrera Dep., Johnson Decl., Exhibit "C" at 20:10-11).

8. Plaintiff used his home address at 460 West 147 Street to register his car for insurance. (Cabrera Dep., Johnson Decl., Exhibit "C" at 25:16-17).

9. At the time he purchased the vehicle, plaintiff also purchased his New York State registration and license plates. (Cabrera Dep., Johnson Decl., Exhibit 'C' at 25:15-18).

10. On September 11, 2015, plaintiff contacted Lindsay Chevrolet regarding his temporary license plates, which were set to expire. (Cabrera Hearing, Johnson Decl., Exhibit "B" at 30:1-6; Cabrera Dep., Johnson Decl., Exhibit "C" at 25:8-9).

11. On September 16, 2015 plaintiff received a copy of Virginia temporary license plates via email. (Cabrera Hearing, Johnson Decl., Exhibit "B" at 33:6-7; Email to Erickson Cabrera dated September 16, 2015 "Email," Johnson Decl., Exhibit "I" at P060.)

12. Plaintiff opened the email and the attachment to the email. (Cabrera Dep., Johnson Decl., Exhibit "C" at 26:18-20).

13. The email contained an electronic copy of temporary license plates with the license plate number L14001. (Email, Johnson Decl., Exhibit "I" at P060; Virginia Temporary License Plate Number L14001 ("Temp Plate 2"), Expiration Date October 15, 2015, Johnson Decl., Exhibit "G" at DEF000070).

14. The temporary license plate's certificate of registration stated that the vehicle was purchased on September 14, 2015. (Temp. Plate 2, Johnson Decl., Exhibit "E" at DEF000070).

15. Plaintiff then printed out the temporary license plate and temporary certificate of registration on card stock and laminated the temporary license plate and the certificate of registration. (Cabrera Dep., Johnson Decl., Exhibit "C" at 26:19-20).

16. The temporary registration was signed by Erickson Cabrera on September 16, 2015. (Temp Plate 2, Johnson Decl., Exhibit "G" at Bates Stamp No. at DEF000070; Cabrera Dep., Johnson Decl., Exhibit "C" at 27:14-19).

17. The plate listed plaintiff as purchaser and listed the purchaser's address as 460 West 147 Street, Apartment 5-8 New York, New York. (Temp Plate 2, Johnson Decl., Exhibit "G" at Bates Stamp No. at DEF000070).

18. Also on September 14, 2015 plaintiff was issued a New York State registration and New York State plates. (New York State Vehicle Registration ("NYS Reg."), dated

3

September 14, 2015, Johnson Decl., Exhibit "L" also marked as Exhibit "C" at plaintiff's deposition).

19. The registration stated that plaintiff's vehicle had New York State plate number HAU8087. NYS Reg., Johnson Decl., Exhibit "L").

20. On September 21, 2015, plaintiff's vehicle was parked near the intersection of 146th Street and Convent Avenue. (Cabrera Hearing, Johnson Decl., Exhibit "B" at 34:4; Cabrera Dep., Johnson Decl., Exhibit "C" at 34:4-5).

21. The vehicle had license plate number 39956K, with an expiration date of September 14, 2015, displayed in the vehicle's front and back license plate holders. (Cabrera Hearing, Johnson Decl., Exhibit "B" at 34:24-25, 35:1-2; Cabrera Dep., Johnson Decl., Exhibit "C" at 33:16-17).

22. The vehicle also had license plate number L14001 displayed in the front and back window. (Cabrera Hearing, Johnson Decl., Exhibit "B" at 33:16-17; Cabrera Dep., Johnson Decl., Exhibit "C" at 33:9-14).

23. Plaintiff's employee identification was also visible in the windshield, hanging from the mirror. (Cabrera Dep., Johnson Decl., Exhibit "C" at 34:20-23).

24. Plaintiff's New York State license plates were not on the vehicle. (Cabrera Dep., Johnson Decl., Exhibit "C" at 34:17-19).

25. Plaintiff was not in possession of his New York State registration on September 21, 2015. (Cabrera Dep., Johnson Decl., Exhibit "C" at 34:14-16).

26. Police Officer Brian Dennis drove past plaintiff's vehicle and observed it had expired temporary plates on the front and back of the vehicle. (Deposition of Brian Dennis, taken on January 27, 2017, ("Dennis Dep."), Johnson Decl., Exhibit "D" at 56:225:57:1-4).

27. Officer Dennis took a closer look at the vehicle and saw a third license plate with a different number than the two license plates affixed to the front and back of the vehicle. (Dennis Dep., Johnson Decl., Exhibit "D" at 57:18-22).

28. Officer Dennis noticed the expiration date of the license plates affixed to the vehicle was different than the one affixed to the plate in the window. ("Dennis Dep., Johnson Decl., Exhibit "D" at 57:23-25: 58:1-2).

29. Officer Dennis noticed that the plate placed in the dashboard was laminated. (Dennis Dep., Johnson Decl. Exhibit "D" at 58:3-9).

30. Lieutenant Jose Caraballo noticed that the expiration date of the license plate placed on the license plate holder of the vehicle matched the date of sale listed on the license plate placed in the window. (Deposition of Jose Caraballo dated January 31, 2017, "Caraballo Dep.," Johnson Decl., Exhibit "E" at 235:22-25:236:2-12).

31. Police Officer Dennis and Sgt. Jose Caraballo went to plaintiff's residence and plaintiff's mother opened the door. (Cabrera Hearing, Johnson Decl., Exhibit "B" at 13:18-19 ).

32. The police officers asked to speak with plaintiff. (Cabrera Hearing, Johnson Decl., Exhibit "B" at 13:18-19, Cabrera Dep., Johnson Decl., Exhibit "C" at 35:20-25)

33. Plaintiff came to the door. (Cabrera Hearing, Johnson Decl., Exhibit "B" at 14-7, Cabrera Dep., Johnson Decl., Exhibit "C' at 36:1-2).

34. The police officers told plaintiff, we have a warrant for you do you mind stepping down to see it. (Cabrera Hearing, Johnson Decl., Exhibit "B" at 14:22-23, Cabrera Dep., Johnson Decl., Exhibit "C" at 36:6-8).

35. Plaintiff said sure, no problem, I will go see. (Cabrera Hearing, Johnson Decl., Exhibit "B" at 14:24).

36. Plaintiff willingly went with the police officer. (Amended Complaint ("Am. Cmpl."), Johnson Decl., Exhibit "A" at ¶ 19, Cabrera Dep., Johnson Decl., Exhibit "C" at 36:22-25).

37. Once plaintiff exited the building, he was placed under arrest and read his Miranda rights. (Cabrera Hearing, Johnson Decl., Exhibit "B" at 17:2-3; Cabrera Dep., Johnson Decl., Exhibit "C" 37:12-14).

38. Plaintiff was then asked for his car keys. (Cabrera Dep., Johnson Decl., Exhibit "C" at 37:16-16-19).

39. Plaintiff was asked where his vehicle was parked. (Cabrera Dep., Johnson Decl., Exhibit "C" at 52:3-4).

40. Plaintiff was transported to the 30th Precinct. (Cabrera Hearing, Johnson Decl., Exhibit "B" at 21:6-7; Cabrera Dep., Johnson Decl., Exhibit "C" at 38:9-10; Arrest Report No. M15671359, for Erickson Cabrera ("Arrest Report"), Johnson Decl., Exhibit "K" at Bates Stamp No. DEF000003).

41. Plaintiff's New York State license plates came up when Police Officer Dennis ran a report on plaintiff's vehicle. (Cabrera Dep., Johnson Decl., Exhibit "C" at 52: New York State

License Plate Number HAU887 (N.Y. Lic. Plate), Johnson Decl., Exhibit "L" also identified as exhibit G at plaintiff's deposition).

42. Plaintiff's vehicle was transported to the 30th precinct and impounded. (Cabrera Hearing, Johnson Decl., Exhibit "B" at 22:7-8; Cabrera Dep., Johnson Decl., Exhibit "C" at 47:10-13).

43. Plaintiff was charged with criminal possession of a forged instrument in the third degree. (Arrest Report, Johnson Decl., Exhibit "K" at Bates Stamp No. DEF000001).

44. Plaintiff was issued a desk appearance ticket and released. (Cabrera Dep., Johnson Decl., Exhibit "C" at 39:24-25; Desk Appearance Ticket for Erickson Cabrera ("DAT"), dated September 21, 2015, Johnson Decl., Exhibit "M" at Bates Stamp No. DEF000022).

45. The case against plaintiff was dismissed on February 1, 2016. (Cabrera Hearing, Johnson Decl., Exhibit "B" at 37:4-5, Cabrera Dep., Johnson Decl., Exhibit "C" at 42:2-5).

Dated: March 17, 2017
      New York, New York

                                ZACHARY W. CARTER
                                Corporation Counsel of the City of New York
                                *Attorney for Defendants City, Dennis and Caraballo*
                                New York City Law Department
                                100 Church Street
                                New York, New York 10007
                                (212) 356-2656

                By: _____
                                Paul H. Johnson
                                *Assistant Corporation Counsel*
                                Special Federal Litigation Division

cc:    Gabriel Harvis, Esq. **(via ECF)**
       *Attorney for Plaintiff*
       305 Broadway, 14th Floor
       New York, New York 10007

| |
|---|
| Index No. 16 CV 1098 (GBD) (JCF) |
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| ERICKSON CABRERA,<br><br>                                                                                      Plaintiff,-<br><br>                     -against-<br><br>CITY OF NEW YORK; Police Officer BRIAN DENNIS, Shield No. 13090; Sergeant JOSE CARABALLO, Shield No. 12202; and JOHN and JANE DOE 1 through 10,<br><br>                                                                   Defendants. |
| **DEFENDANTS' STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL CIVIL RULE 56.1** |
| ***ZACHARY W. CARTER***<br>Corporation Counsel of the City of New York<br>*Attorney for Defendants City, Dennis and Caraballo*<br>100 Church Street, Room 3-208<br>New York, New York 10007<br><br>*Of Counsel: Paul H. Johnson*<br>*Tel: (212) 356-2409* |
| *Due and timely service is hereby admitted. New York, New York   , 2015 . . .*<br><br>............................................................... *Esq.*<br><br>*Attorney for* ............................................................ |