16 CV 1098 (GBD) (JCF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERICKSON CABRERA,

Plaintiff,

-against-

CITY OF NEW YORK; Police Officer BRIAN DENNIS, Shield No. 13090; Sergeant JOSE CARABALLO, Shield No. 12202; and JOHN and JANE DOE 1 through 10,

Defendants.

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street Rm 3-208*
*New York, New York 10007*
*Of Counsel: Paul H. Johnson*
*Tel: (212) 356-2656*

## Table of Contents

PRELIMINARY STATEMENT ........ 1

STANDARD OF REVIEW ........ 4

POINT I PLAINTIFF DOES NOT ALLEGE FACTS SUFFICIENT FOR A CLAIM OF DENIAL OF A FAIR TRIAL ........ 6

POINT II THERE WAS PROBABLE CAUSE FOR PLAINTIFF'S ARREST ........ 9

POINT III PLAINTIFF HAS NOT ALLEGED FACTS SUFFICIENT TO MAINTAIN A CLAIM FOR MALICIOUS PROSECUTION ........ 10

CONCLUSION ........ 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Celotex Corp. v. Catrett,
477 U.S. 317 (1986) ..... 5

Cifarelli v. Village of Babylon,
93 F.3d 47 (2d Cir. 1996) ..... 5

Crippen v. Town of Hempstead,
2013 U.S. Dist. LEXIS 46334 (E.D.N.Y. Mar. 29, 2013) ..... 7

Dowling v. the City of New York
11 CV 4954, 2013 WL 5502867 (E.D.N.Y.) ..... 8

Gabai v. Jacoby,
800 F. Supp. 1149 (S.D.N.Y. Aug. 6, 1992) ..... 5

Harris v. City of New York,
2016 U.S. Dist. LEXIS 177827 (S.D.N.Y. Dec. 2, 2016) ..... 8

Isaac v. City of New York,
701 F. Supp. 2d 477 (S.D.N.Y. 2010) ..... 5

Jermosen v. Coughlin,
877 F. Supp. 864 (S.D.N.Y. Mar. 3, 1995) ..... 5

Jovanovic v. City of New York,
486 Fed. Appx. 149 (2d Cir. 2012) ..... 6

Kinsella v. Rumsfeld,
320 F.3d 309 (2d Cir. 2003) ..... 5

Lopez v. City of New York,
105 F. Supp. 3d 242 (E.D.N.Y. 2015) ..... 7

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
475 U.S. 574 (1986) ..... 5

**Statutes**

New York State Vehicle and Traffic Law § 402.1(a) ..... 9

New York State Vehicle and Traffic Law § 402.1(b) ..... 9

**Other Authorities**

FED. R. CIV. P. 56 .......... 1, 4, 5

Fed. R. Evid. 803 .......... 7

Local Civil Rule 56.1 .......... 2, 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

ERICKSON CABRERA,

Plaintiff,

-against-

16 CV 1098 (GBD) (JCF)

CITY OF NEW YORK; Police Officer BRIAN DENNIS, Shield No. 13090; Sergeant JOSE CARABALLO, Shield No. 12202; and JOHN and JANE DOE 1 through 10,

Defendants.

-----------------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants the City of New York and Police Officer Brian Dennis and Sergeant Jose Caraballo, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, respectfully submit this memorandum of law in opposition of plaintiff's motion for partial summary judgment pursuant to FED. R. CIV. P. 56(c).

## PRELIMINARY STATEMENT

Erickson Cabrera moves for partial summary judgment on his claims for denial of a right to a fair trial, false arrest and malicious prosecution. First, plaintiff's false arrest and malicious prosecution claims fail as a matter of law because it is undisputed plaintiff parked his vehicle on a public roadway on September 21, 2015, displayed two sets of license plates, that one set of license plates was laminated had a false date of purchase and in fact plaintiff had valid New York license plates which he did not display and that defendants were aware that plaintiff's

license plate displayed a fake date of purchase and that plaintiff should have displayed New York State license plates on his vehicle. Second, plaintiff's malicious prosecution claim fails because there was probable cause to commence a prosecution against plaintiff, plaintiff's criminal proceeding was not instituted with actual malice and that the issuance of a desk appearance ticket does not constitute a prosecution for the purposes of a malicious prosecution claim. Third, plaintiff's denial of a fair trial claim must fail because defendants did not fabricate any evidence and plaintiff did not suffer any deprivation of liberty due to any alleged fabrication.

## STATEMENT OF FACTS

Erickson Cabrera currently resides at 460 West 147 Street, Apartment 5-8 in New York County, New York. Defendant's Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1, dated March 17, 2017 ("Defs. 56.1") at ¶ 1. Plaintiff has resided at his current address for approximately 26 years. Defs. 56.1 at ¶ 2. Plaintiff purchased a 2007 Black BMW 35X from Lindsay Chevrolet in Virginia on August 15, 2015. Defs. 56.1 at ¶ 3. The car was sold to him by his cousin Angel Reyes, who is a manager at the dealership Defs. 56.1 at ¶ 4. Plaintiff was issued a temporary Virginia License plate No. 39956K which expired on September 14, 2015. Defs. 56.1 at ¶ 5. Plaintiff received the temporary license plate when he purchased the vehicle where it was attached to the front and back of the vehicle. Defs. 56.1 at ¶ 6. At the time he purchased the vehicle, plaintiff obtained automobile insurance from GEICO. Defs. 56.1 at ¶ 7. Plaintiff used his home address at 460 West 147 Street to register his car for insurance. Defs. 56.1 at ¶ 8. At the time he purchased the vehicle, plaintiff also purchased his New York State registration and license plates. Defs. 56.1 at ¶ 9.

On September 16, 2015 plaintiff received a copy of Virginia temporary license plates, No. L140001 via email. Defs. 56.1 at ¶ 11. Plaintiff opened the email and the attachment to the email. Defs. 56.1 at ¶ 12. The email contained an electronic copy of temporary license plates

with the license plate number L14001. Defs. 56.1 at ¶ 13. The temporary license plate's certificate of registration stated that the vehicle was purchased on September 14, 2015. Defs. 56.1 at ¶ 14. Plaintiff then printed out the temporary license plate and temporary certificate of registration on card stock and laminated the temporary license plate and the certificate of registration. Defs. 56.1 at ¶ 15. The temporary registration was signed by Erickson Cabrera on September 16, 2015. Defs. 56.1 at ¶ 16. The plate listed plaintiff as purchaser and listed the purchaser's address as 460 West 147 Street, Apartment 5-8 New York, New York. Defs. 56.1 at ¶ 17. Also on September 14, 2015 plaintiff was issued a New York State registration and New York State plates. Defs. 56.1 at ¶ 18. The registration stated that plaintiff's vehicle had New York State plate number HAU8087. Defs. 56.1 at ¶ 19.

On September 21, 2015, plaintiff's vehicle was parked near the intersection of 146th Street and Convent Avenue. Defs. 56.1 at ¶ 20. The vehicle had license plate number 39956K, with an expiration date of September 14, 2015 displayed in the vehicle's front and back license plate holders. Defs. 56.1 at ¶ 21. The vehicle also had license plate number L14001 displayed in the front and back window. Defs. 56.1 at ¶ 22. Plaintiff's employee id was also visible in the windshield, hanging from the mirror. Defs. 56.1 at ¶ 23. Plaintiff's New York State license plates were not on the vehicle. Defs. 56.1 at ¶ 24. Plaintiff was not in possession of his New York State registration on September 21, 2015. Defs. 56.1 at ¶ 25. Police Officer Brian Dennis drove past plaintiff's vehicle and observed it had expired temporary plates on the front and back of the vehicle. Defs. 56.1 at ¶ 26. Officer Dennis took a closer look at the vehicle and saw a third license plate with a different number than the two license plates affixed to the front and back of the vehicle. Defs. 56.1 at ¶ 27. Officer Dennis noticed the expiration date of the license plates affixed to the vehicle was different than the one affixed to the plate in the window. Defs. 56.1 at ¶ 28. Officer Dennis noticed that the plate placed in the dashboard was laminated.

Defs. 56.1 at ¶ 29. Lieutenant Jose Caraballo noticed that the expiration date of the license plate placed on the license plate holder of the vehicle matched the date of sale listed on the license plate placed in the window. Defs. 56.1 at ¶ 30. Defendant Dennis saw that plaintiff's vehicle had two sets of license plates with two different numbers and that each plate had different expiration dates. Defendants' Response to Plaintiff's Statement Pursuant to Local Rule 56.1 ("Defs 56.1 Reply"), dated April 17, 2017 at ¶ 16. Defendant Caraballo saw that plaintiff's first set of license plates expired on the same day his second set of license plates stated the vehicle was purchased. Defs. 56.1 Reply at ¶ 17. Defendant Caraballo saw that the license plates were issued on September 14, 2015 but that plaintiff did not sign the license plates until September 16, 2015. Defs. 56.1 Reply at ¶ 18. Defendant Caraballo testified that if the vehicle was actually sold on September 14, 2015 then temporary license plate number L14001 would be the original license plate issued to the vehicle not the older license plate that expired on September 14, 2015. Defs. 56.1 Reply at ¶ 19. Plaintiff's laminated license plate obscured any security features on the temporary license plate he displayed. Defs 56.1 Reply at ¶ 20.

Plaintiff was charged with criminal possession of a forged instrument in the third degree. Defs. 56.1 at ¶ 43. Plaintiff was issued a desk appearance ticket and released. Defs. 56.1 at ¶ 44. Defendant Dennis told the New York County District Attorney's Office that plaintiff did not possess valid license plates and the district attorney's office told Dennis they would decline to prosecute the case. Defs' 56.1 Reply at ¶ 21. The case against plaintiff was dismissed on February 1, 2016. Defs. 56.1 at ¶ 45.

## STANDARD OF REVIEW

Summary judgment is designed to expedite civil cases by eliminating from the trial calendar those claims that can be resolved as a matter of law. A court must grant a motion for summary judgment when "the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the non-movant, presents no genuine issue of material fact. Id.; Cifarelli v. Village of Babylon, 93 F.3d 47, 51 (2d Cir. 1996). A material fact is one that might affect the outcome of a suit under governing law. Kinsella v. Rumsfeld, 320 F.3d 309, 311 (2d Cir. 2003). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

In a motion for summary judgment, the moving party can show that no genuine issue of material fact exists by "setting forth specific facts denying [plaintiff's] claims." Jermosen v. Coughlin, 877 F. Supp. 864, 867 (S.D.N.Y. Mar. 3, 1995) (citing Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986)). The moving party may also prevail "by pointing out that there is an absence of evidence to support the non-moving party's case." Jermosen, 877 F. Supp. at 867 (quoting Gabai v. Jacoby, 800 F. Supp. 1149, 1153 (S.D.N.Y. Aug. 6, 1992)). In order to avoid summary judgment, the non-moving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial and not merely allegations or denials. Isaac v. City of New York, 701 F. Supp. 2d 477, 485 (S.D.N.Y. 2010). Evidence which is merely "colorable, conclusory, speculative or not significantly probative" is insufficient to withstand a summary judgment motion. Gabai, 800 F. Supp. at 1153 (S.D.N.Y. Aug. 6, 1992). A motion for summary judgment, therefore, requires the party with the burden of proof at trial to "make a showing sufficient to establish the existence of an element essential to that party's case . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

In this case, plaintiff's motion for partial summary judgment should be denied because he alleges no undisputed material facts in support of his claims and the Court should grant defendants' motion for summary judgment because there are no issues of material fact to warrant a trial on any of plaintiff's claims.

## ARGUMENT

## POINT I

## PLAINTIFF DOES NOT ALLEGE FACTS SUFFICIENT FOR A CLAIM OF DENIAL OF A FAIR TRIAL

To prevail on a fabrication of evidence claim, a plaintiff must show that "an (1) investigating official (2) fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result." Jovanovic v. City of New York, 486 Fed. Appx. 149, 152, (2d Cir. 2012) (citing Jocks v. Tavernier, 316 F.3d 128, 138 (2d Cir. 2003). However as defendants argued in their Memorandum of Law in Support of Defendants' motion for Summary Judgment, plaintiff's claim for a fair trial fails because plaintiff suffered no deprivation of liberty as the result of any alleged actions by defendants. Memorandum of Law in Support of Defendants' Motion for Summary Judgment ("Defs. Memo"), dated March 17, 2017 at 19-20. Second, the Record shows that the New York County District Attorney's Office in this matter declined to prosecute the case after speaking with defendant Dennis. Defs' 56.1 Reply at ¶ 21. Therefore, as a matter of law, the prosecutor in this case was not influenced to prosecute this matter based on information forwarded to that office by defendant Dennis and thus no jury could have been influenced based on any information forwarded by defendant Dennis.

Defendant Dennis testified that on September 21, 2015, the Virginia temporary license plates on plaintiff's vehicle were not valid. Deposition of Brian Dennis ("Dennis Dep."), taken on January 27, 2017, attached to the Supplemental Declaration of Paul H. Johnson ("Suppl. Decl.") dated April 17, 2017. Exhibit "N" at 86:6-8. Therefore there was no fabrication of evidence.

Plaintiff cites to Exhibit 24 as evidence that defendant Dennis fabricated evidence. (Harvis Decl., Exhibit 24). However, plaintiff offers no evidence to suggest the document was fabricated and the evidence plaintiff does present is not admissible evidence that can be used in a summary judgment motion. The document, standing alone, is inadmissible hearsay. And the Court has made clear that "inadmissible hearsay cannot 'raise a triable issue of fact sufficient to defeat a motion for summary judgment.'" Crippen v. Town of Hempstead, 2013 U.S. Dist. LEXIS 46334, *36 (E.D.N.Y. Mar. 29, 2013). Although hearsay is admissible when accompanied by certain guarantees of trustworthiness, see Fed. R. Evid. 803, plaintiff's use of Exhibit 24 has no such guarantees as defendant Dennis denies producing the document. Dennis Dep., Suppl. Decl., Exhibit "N" at 180:-24. Therefore the Court must find that plaintiff used inadmissible evidence and that defendant Dennis did not fabricate any evidence as he testified he did not fabricate any evidence. Dennis Dep., Suppl. Decl., Exhibit "N" at 181:14-16. Even assuming *arguendo* plaintiff had valid issued plates from the State of Virginia, plaintiff does not dispute the fact that the plates contained false information about when the vehicle was purchased, was laminated, that plaintiff's vehicle was registered in New York State yet did not display New York State License plates and that plaintiff displayed expired license plates on a public roadway. Defs 56.1 ¶¶ 11-30.

Plaintiff attempts to get around the clearly established fact he suffered no deprivation of liberty to prevail on a denial of fair trial claim by incorrectly citing legal opinion

to construe the law in his favor. Plaintiff cites Lopez v. City of New York for the proposition that a post-arraignment deprivation of liberty is not required to sustain a fair trial claim. Lopez v. City of New York, 105 F. Supp. 3d 242, 246-47 (E.D.N.Y. 2015). However, The Court in Lopez does not say that at all. Instead, the Court in Lopez specifically states that the denial of a fair trial claim "as arising from the coercion by officials of false non-party witness statements." Id. at 247. Lopez specifically deals with an individual who was convicted at trial. Id. at 246. It is undisputed in this matter that plaintiff is not claiming defendants coerced false non-party witness statements or that he was convicted at trial. Plaintiff cites Dowling v. the City of New York, for the proposition that no precedent exists for dismissing a § 1983 claim because no prosecution took place. Dowling v. the City of New York 11 CV 4954 (NGG), 2013 WL 5502867, *6 (E.D.N.Y.). However, the entire quote says no such thing. The Court in Dowling states that "[n]o precedent exists, in this circuit or otherwise, for dismissing a § 1983 claim for deprivation of the right to a fair trial ***in light of a plaintiff's acceptance of an ACD.***" Id. (emphasis added). It is undisputed in this case plaintiff did not accept an acquittal in contemplation of dismissal in this matter.

Plaintiff cites Harris v. the City of New York for the proposition that a plaintiff may make a claim for denial of a fair trial where "an officer's post-arrest fabrication of evidence results in a restraint on the plaintiff's liberty." Harris v. City of New York, 2016 U.S. Dist. LEXIS 177827, *19 (S.D.N.Y. Dec. 2, 2016). As an initial matter, in Harris, the Court dismissed the claim without prejudice, allowing defendants to renew the motion at the close of discovery. Id. As well, Harris does not address whether the issuance of a desk appearance ticket constitutes a deprivation of liberty. Id. Second, there is no dispute in the record that plaintiff's vehicle was parked on a public roadway and displayed two Virginia temporary license plates with two different numbers and that one of the license plates displayed a false date of purchase and the other license plate was expired. Defs. 56.1 ¶¶ 20-22. Therefore, defendants had some basis to

make their assertions to the New York County District Attorney's Office that plaintiff had fraudulent plates, even if as plaintiff argues he had registered the plates with the state of Virginia. Plaintiff offers no innocent explanation for why he had a license plate with a false date of purchase, because no innocent explanation exists. This is a deeply troubling undisputed record plaintiff cannot overcome.

**POINT II**

**THERE WAS PROBABLE CAUSE FOR PLAINTIFF'S ARREST**

Plaintiff's motion for partial summary judgment must fail because plaintiff's arrest was supported by probable cause. As defendants argued in their Memorandum of Law in Support of Defendants' Motion for Summary Judgment, probable cause existed for plaintiff's arrest because he parked a vehicle registered in New York State on a public roadway and did not display a New York State license plate or registration in violation of New York State Vehicle and Traffic Law § 402.1(a); because he laminated his license plate in violation of New York State Vehicle and Traffic Law § 402.1(b); and his vehicle displayed a license plate with a false date of purchase giving rise to probable cause to arrest for criminal possession of a forged instrument in the third degree. Defs' Memo at 7-11. Even if defendants lacked probable cause to arrest, defendants had arguable probable cause to arrest plaintiff and are entitled to qualified immunity. Defs' Memo at 15-19. Plaintiff argued that defendant Dennis stated he may have lacked probable cause to arrest plaintiff in Plaintiff's Statement of Undisputed Facts, however as defendants argued *supra* in Point I, that is a legal conclusion and not a fact and should not be considered in plaintiff's motion.

**POINT III**

**PLAINTIFF HAS NOT ALLEGED FACTS SUFFICIENT TO MAINTAIN A CLAIM FOR MALICIOUS PROSECUTION**

Plaintiff's motion for partial summary judgment should be denied because plaintiff has failed to allege the elements of a malicious prosecution claim. As defendants argued in its Memorandum of Law in Support of Defendants Motion for Summary Judgment, plaintiff has not proffered any evidence to overcome the presumption that the District Attorney for New York County exercised independent judgment in deciding to prosecute him or to continue to prosecute him, there was probable cause for the criminal prosecution against plaintiff, defendants did not prosecute plaintiff with actual malice and plaintiff suffered no deprivation of liberty. Defs' Memo at 11-15. Further, defendants had arguable probable cause to arrest plaintiff and are therefore entitled to qualified immunity with regards to plaintiff's malicious prosecution claim. Defs' Memo at 15-19.

## CONCLUSION

For the foregoing reasons, defendants City of New York, Police Officer Brian Dennis and Sergeant Jose Caraballo respectfully request that the Court grant their motion for summary judgment in its entirety and deny plaintiff's motion for partial summary judgment, together with costs, fees and such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 17, 2017

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York, Dennis and Caraballo*
100 Church Street
New York, New York 10007
(212) 356-2656

By: ______________________
Paul H. Johnson
*Assistant Corporation Counsel*
Special Federal Litigation Division

To: Gabriel Harvis, Esq. **(VIA ECF)**
*Attorney for Plaintiff*
305 Broadway, 14th Floor
New York, New York 10007