UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------- x

ERICKSON CABRERA,

                              Plaintiff,

               -against-

THE CITY OF NEW YORK, POLICE OFFICER BRIAN
DENNIS and SERGEANT JOSE CARABALLO,

                           Defendants.

-------------------------------------------------------------------------- x

**DEFENDANTS' RESPONSE
TO PLAINTIFF'S
STATEMENT PURSUANT
TO LOCAL RULE 56.1**

16 CV 1098 (GBD) (JCF)

      Pursuant to Local Rule 56.1 of the Civil Rules of this Court, defendants City of New

York, Police Officer Brian Dennis and Lieutenant Jose Caraballo submit this counter statement

pursuant to Rule 56.1 of the Local Rules of the United States District Court for the Eastern

District of New York in response to Plaintiff's Rule 56.1 Statement dated March 17, 2017:

1. On September 15, 2015, plaintiff's vehicle had a valid registration. (Harvis Decl., Exhibit
   24).

   **Disputed** to the extent plaintiff claims to have had his vehicle validly registered in two
   states as plaintiff's statement is vague and he does not cite to admissible evidence and the
   evidence cited to by plaintiff does not contain any information about September 15, 2015.
   Defendants do not dispute that plaintiff had a valid New York State registration on
   September 15, 2015. (New York State Vehicle Registration ("NYS Reg."), dated
   September 14, 2015, annexed to the Declaration of Paul H. Johnson ("Johnson Decl."),
   dated March 17, 2017, Exhibit "L" also marked as Exhibit "C" at plaintiff's deposition
   taken on September 8, 2016).

2. On September 15, 2015, plaintiff's vehicle had a valid temporary license plate issued by
   the Commonwealth of Virginia displayed on his vehicle. *Id.*

   **Disputed,** to the extent that plaintiff claims his temporary license plate issued by the
   Commonwealth of Virginia was valid and plaintiff does not cite to admissible evidence
   for this fact nor does the evidence cited by plaintiff refer to activity that took place on
   September 15, 2015. Defendants do not dispute plaintiff had a temporary license plate
   displayed on his vehicle on September 21, 2015 that falsely claimed he purchased his
   vehicle on September 14, 2015 when plaintiff in fact purchased the vehicle on August 15,

2015. Defendants also do not dispute one of plaintiff's temporary license plates was laminated. Finally, defendants do not dispute plaintiff displayed an expired license plate on his vehicle with a different number than the laminated license plate on his vehicle. (Temporary Certificate of Registration ("Temp. Reg 1"), Johnson Decl., Exhibit "H" at P063; Virginia Temporary License Plate Number 39956K, expiration date September 14, 2015 ("Temp Plate 1"), Exhibit "F" at Bates Stamp No. DEF000071; Virginia Temporary License Plate Number L14001 ("Temp Plate 2"), Expiration Date October 15, 2015, Johnson Decl., Exhibit "G" at DEF000070; Cabrera Dep., Johnson Decl., Exhibit "C" at 19:24-25 and 26:19-20; 33:9-17).

3. When the defendant officers observed plaintiff's vehicle on September 15, 2015, it was parked in a legal space and unoccupied. 50-h, Harvis Decl., Exhibit 1, p. 34, ln. 4.

   **Disputed**, as plaintiff did not testify that his vehicle was legally parked on September 15, 2015. Defendants do not dispute that plaintiff's vehicle was parked on a public roadway on September 21, 2015. (Cabrera Hearing, Johnson Decl., Exhibit "B" at 34:4; Cabrera Dep., Johnson Decl., Exhibit "C" at 34:4-5)

4. Plaintiff acted in good faith in purchasing his vehicle in Virginia and registering it in New York State. Exhibit 24, l 50-h, Exhibit 1, *generally*; Exhibits 4, 6-8.

   **Undisputed**, to the extent that plaintiff testified as stated and to the extent the statement contains fact not opinion as the statement plaintiff acted in "good faith" is not a fact for the purposes of a statement made pursuant to Local Rule 56.1. However, this fact is not material to the arguments raised in defendants' motion for summary judgment and would not have been a fact known to defendants.

5. As of 6:13 p.m. on September 15, 2015, the temporary license plates affixed to plaintiff's vehicle were on file and defendant Dennis was aware of this fact. Exhibit 24 at DEF273-6 (date/time-stamped and reflecting Dennis' individual Tax ID, showing plate as "active"); Dennis Tr. Exhibit 19, p. 175 8-13).

   **Disputed**, as the evidence cited by plaintiff does not show defendant Dennis was aware that the temporary license plates affixed to plaintiff's vehicle were on file on September 15, 2015. Defendant Dennis testified that on September 21, 2015, the Virginia temporary license plates on plaintiff's vehicle were not valid. (Deposition of Brian Dennis, taken on January 27, 2017, attached to the Supplemental Declaration of Paul H. Johnson ("Suppl. Decl.") dated April 17, 2017. Exhibit "N" at 86:6-8).

6. As of 6:14 p.m. on September 15, 2015, plaintiff's vehicle's VIN number was on file and defendant Dennis was aware of this fact. *Id.* at DEF277-81.

   **Disputed**, to the extent that plaintiff testified that his vehicle was registered in any other state than New York, that plaintiff does not cite to admissible evidence, and the evidence plaintiff cites to does not state that on September 15, 2015 defendant Dennis was aware of this fact. Defendant Dennis testified that plaintiff's vehicle had a valid New York State Registration on September 21, 2015 but displayed Virginia license plates. (Dennis Dep., Suppl. Decl., Exhibit "N" at 85:16-23).

7. Officer Dennis saw the documents in Exhibit 24 on September 15, 2015. Exhibit 24 (date/time stamped and reflecting Dennis's individual Tax ID).

**Disputed**, plaintiff does not cite to admissible evidence. Defendant Dennis testified he never saw the documents cited in Exhibit 24. (Dennis Dep., Suppl. Decl., Exhibit "N" at 180:2-4).

8. Defendant Dennis admitted at his deposition that probable cause was lacking given Exhibit 24. Dennis Tr., Exhibit 19, p. 180, ln. 2-12.

**Disputed**, as plaintiff is making a legal conclusion and not stating a fact and that is an inappropriate use of the 56.1 statement. Defendant Dennis stated that he had never seen exhibit 24 and did not base his probable cause determination on those documents. Further, defendant Caraballo stated there was probable cause for plaintiff's arrest because one set of license plates on plaintiff's vehicle had the same expiration date as date of sale on the second set of license plates, suggesting possible fraud. (Dennis Dep., Suppl. Decl., Exhibit "N" at 180:-24; Deposition of Jose Caraballo, taken on January 31, 2017, ("Caraballo Dep."), Johnson Decl., Exhibit "E" at 236:4-5.).

9. On November 12, 2015, defendant Dennis told ADA Roddin of the New York County District Attorney's Office that plaintiff's VIN number was not on file. Roddin Decl., Exhibit 20 ¶ 5.

**Disputed**, defendant Dennis testified that he told someone at the New York County District Attorney's Office that plaintiff did not have valid license plates displayed on his vehicle. Defendant Dennis then testified that the district attorney's office declined to prosecute the arrest. (Dennis Dep., Suppl. Decl., Exhibit "N" at 164:18-165:11).

10. On November 12, 2015, defendant Dennis told ADA Roddin that plaintiff's temporary license plates were not on file. *Id.*

**Disputed**, however, this fact is not material to the arguments raised in defendants' motion for summary judgment.

11. Defendant Dennis provided ADA Roddin with a version of Exhibit 24 that purported to show nothing on file. *Id.* at ¶ 7; Exhibit 16.

**Disputed**, as defendant Dennis testified he never saw the documents cited in Exhibit 24. (Dennis Dep., Suppl. Decl., Exhibit "N" at 180:2-4).

12. On November 12, 2015, defendant Dennis swore out a criminal complaint against plaintiff. Exhibit 22.

**Undisputed.**

13. In the criminal complaint, Dennis swore under penalty of perjury that plaintiff's license plates were not on file. *Id.*

**Undisputed**, to the extent that defendant Dennis' criminal complaint stated that the plates displayed on plaintiff's vehicle on September 21, 2015 were not valid. (Dennis Dep., Suppl. Decl., Exhibit "N" at 88:15-17).

14. In the criminal complaint, Dennis swore under penalty of perjury that plaintiff had perpetrated a knowing and intentional fraud. Exhibit 22.

**Disputed**, the criminal complaint does not state that plaintiff perpetrated a knowing and intentional fraud. Exhibit 22.

15. Defendants never vouchered the temporary license plates on plaintiff's vehicle. Dennis Tr., Harvis Decl., Exhibit 19, p. 216, ln. 8-p. 217, ln. 24; Caraballo Tr., Harvis Decl., Exhibit 26, p. 208, ln. 14-p 209, ln. 9.

**Disputed,** however this fact is not material to the arguments raised in defendants' or plaintiff's motion for summary judgment.


### Defendants' Additional Statement of Facts

16. Defendant Dennis saw that plaintiff's vehicle had two sets of license plates with two different numbers and that each plate had different expiration dates. (Dennis Dep., Suppl. Decl., Exhibit "D" at 81:7-17).

17. Defendant Caraballo saw that plaintiff's first set of license plates expired on the same day that plaintiff's second set of license plates stated the vehicle was purchased. (Deposition of Jose Caraballo, taken on January 31, 2017, ("Caraballo Dep."), Johnson Decl., Exhibit "E" at 236:4-5).

18. Defendant Caraballo saw that the license plates were issued on September 14, 2015 but that plaintiff did not sign the license plates until September 16, 2015. (Caraballo Dep., Suppl. Decl., Exhibit "O" at 221:15-19).

19. Defendant Caraballo testified that if the vehicle was actually sold on September 14, 2015 then temporary license plate number L14001 would be the original license plate issued to the vehicle not the older license plate that expired on September 14, 2015. (Caraballo Dep., Johnson Decl., Exhibit "E" at 236:10-12).

20. Plaintiff's laminated license plate obscured any security features on the temporary license plate he displayed. (Dennis Dep., Johnson Decl., Exhibit "D" at 228:10-17).

21. Defendant Dennis told someone at the New York County District Attorney's Office that plaintiff did not possess valid license plates and the district attorney's office told Dennis they would decline to prosecute the case. (Dennis Dep., Suppl. Decl., Exhibit "N" at 164:18-165:11).

Dated: April 17, 2017
New York, New York

ZACHARY W. CARTER
  Corporation Counsel of the City of New York
  *Attorney for Defendants City, Dennis and
  Caraballo*
New York City Law Department
100 Church Street
New York, New York 10007
(212) 356-2656

By: _____

  Paul H. Johnson
  *Assistant Corporation Counsel*
  Special Federal Litigation Division

cc:    Gabriel Harvis, Esq. **(via ECF)**
       *Attorney for Plaintiff*
       305 Broadway, 14th Floor
       New York, New York 10007

15 CV 05008 (MKB) (ST)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ERICKSON CABRERA,

                                        Plaintiff,-

              against-

THE CITY OF NEW YORK, POLICE OFFICER BRIAN
DENNIS and SERGEANT JOSE CARABALLO,

                                        Defendants.


**DEFENDANTS' RESPONSE TO PLAINTIFF'S
STATEMENT PURSUANT TO LOCAL RULE 56.1**


***ZACHARY W. CARTER***
Corporation Counsel of the City of New York
*Attorney for Defendants City, Dennis and Caraballo*
100 Church Street, Room 3-218
New York, New York 10007

*Of Counsel: Paul H. Johnson*
*Tel: (212) 356-2656*

*Due and timely service is hereby admitted. New York, New York    , 2015 . . .*

.............................................................. *Esq.*

*Attorney for* ...........................................