16 CV 1098 (GBD) (JCF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERICKSON CABRERA,

                                         Plaintiff,

         -against-

CITY OF NEW YORK; Police Officer BRIAN DENNIS, Shield
No. 13090; Sergeant JOSE CARABALLO, Shield No. 12202; and
JOHN and JANE DOE 1 through 10,

                                         Defendants.

## REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street Rm 3-208*
*New York, New York  10007*
*Of Counsel:  Paul H. Johnson*
*Tel:  (212) 356-2656*

**Table of Contents**

POINT I PLAINTIFF HAS FAILED TO COMPLY WITH LOCAL RULE 56.1...................1

POINT II PLAINTIFF HAS NOT ALLEGED ANY *MATERIAL* FACTS SUFFICIENT FOR PLAINITFF'S SEARCH AND SEIZURE CLAIM...................................................2

POINT III PLAINTIFF HAS NOT ALLEGED ANY DISPUTED *MATERIAL* FACTS SUFFICIENT TO DEFEAT DEFENDANTS' MOTION FOR SUMMARY FOR SUMMARY JUDGMENT ON PLAINTIFF'S FALSE ARREST CLAIM.........................................3

POINT IV PLAINTIFF HAS NOT ALLEGED ANY MATERIAL FACTS SUFFICIENT TO DEFEAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON QUALIFIED IMMUNITY...................................................................5

POINT V PLAINTIFF HAS NOT ALLEGED ANY MATERIAL FACTS SUFFICIENT TO DEFEAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON MALICIOUS PROSECUTION..............................................................8

POINT VI PLAINTIFF'S REMAINING CLAIMS MUST FAIL...................9

CONCLUSION...................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Ampratwum v. City of New York,
   2013 U.S. Dist. LEXIS 67025 (S.D.N.Y. May 9, 2013)............................................8

Arbuckle v. City of New York,
   2016 U.S. Dist. LEXIS 136857 (S.D.N.Y. Sept. 30, 2016)..................................9

Bank of America v. Fischer,
   927 F. Supp. 2d 15 (E.D.N.Y. 2013) ..........................................................2

Fulton v. Robinson,
   289 F.3d 188 (2d Cir. 2002)........................................................................8

Glasgow v. Beary,
   2 F. Supp. 3d 419 (E.D.N.Y. 2014) ............................................................6

Ikezi v. City of New York,
   2017 U.S. Dist. LEXIS 50742 (E.D.N.Y. Mar. 31, 2017) ...........................5

Jackson v. City of New York,
   939 F. Supp. 2d 219 (E.D.N.Y. 2013) ......................................................9

Jaegly v. Couch,
   439 F.3d at 150 ...........................................................................................5

Johnston v. Port Auth. of N.Y. & N.J.,
   No. 09-CV-4432 (JG) (CLP), 2011 U.S. Dist. LEXIS 82815 (E.D.N.Y. July
   28, 2011) ....................................................................................................9

Lawrence v. City Cadillac,
   2010 U.S. Dist. LEXIS 132761 (S.D.N.Y. Dec. 8, 2010) ..........................7

Lowth v. Town of Cheektowaga,
   82 F.3d 563 (2d Cir.1996)..........................................................................8

Marshall v. City of New York,
   14 CV 4481 2016 U.S. Dist. LEXIS 102560 (E.D.N.Y. Aug. 3, 2016) ....................9

Marshall v. City of New York,
   2014 U.S. Dist. LEXIS 52124 (S.D.N.Y. Apr. 15, 2014)...........................5

Tompkins v. City of New York,
  50 F. Supp. 3d 426, 2014 U.S. Dist. LEXIS 129606 (S.D.N.Y. 2014) ......................................5

United States v. Gori,
  230 F.3d 44 (2d Cir. 2000).........................................................................................................3

United States v. Scopo,
  19 F.3d 777 (2d Cir. 1994).........................................................................................................5

White v. Pauly,
  137 S. Ct. 548 (2017).................................................................................................................6

Williams v. City of New York,
  No. 10-CV-2676 (JG) (LB), 2012 U.S. Dist. LEXIS 19207 (E.D.N.Y. Feb. 15,
  2012) (Gleeson, J.) .................................................................................................................2, 3

**Statutes**

New York Penal Law § 170.20................................................................................................7

New York Vehicle and Traffic Law § 402.1(b)......................................................................4

**Other Authorities**

Fourth Amendment ...................................................................................................................6

FED. R. CIV. P. 56 .....................................................................................................................1,2

Local Civil Rule 56.1 ...............................................................................................................2, 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

ERICKSON CABRERA,

                                    Plaintiff,
                                                            16 CV 1098 (GBD)`

                -against-

CITY OF NEW YORK; Police Officer BRIAN DENNIS,
Shield No. 13090; Sergeant JOSE CARABALLO, Shield
No. 12202; and JOHN and JANE DOE 1 through 10,

                                    Defendants.

-----------------------------------------------------------------------X


**REPLY   IN   SUPPORT   OF   DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

          This memorandum of law is offered in further support of Defendants' Motion for

Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure ("hereinafter

"Defs' Memo"), dated March 17, 2017. Plaintiff has not raised any genuine issue of *material*

*fact* sufficient to defeat defendants' motion. [1]

**ARGUMENT**


**POINT   I   PLAINTIFF   HAS   FAILED   TO
COMPLY WITH LOCAL RULE 56.1**

---

[1] Plaintiff offers no legal support or facts supporting his claims for intentional infliction of
emotional distress and negligent infliction of emotion distress and those claims should be
deemed waived. Further plaintiff makes no claim against the City of New York and the City
should be dismissed as a defendant.

1

Under Local Rule 56.1, a movant is required to submit a "short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried" along with "citation[s] to evidence which would be admissible." Local Rule 56.1(a),(d).

Plaintiff failed to comply with his obligations under this rule. Although plaintiff submitted a response to Defendants' Local Rule 56.1 statement, in almost every instance, plaintiff did not identify evidence that controverted defendants' statements with citations to admissible evidence. See Plaintiff's Response to Defendants' Statement Pursuant To Local Civil Rule 56.1 ("Pls. 56.1") at Doc. 77. When a paragraph in a moving party's Local Rule 56.1 statement is not specifically controverted by the opposing party, it "will be deemed admitted for the purposes of the motion." Local Rule 56.1(c); see Fed. R. Civ. P. 56(e)(2). Therefore defendants ask to court to deem admitted any disputed facts where plaintiff does not cite to admissible evidence. See Bank of America v. Fischer, 927 F. Supp. 2d 15 (E.D.N.Y. 2013) (noting that the defendant's failure to comply with Local Rule 56.1 was "inexcusable as he was represented by counsel").

## POINT II

### PLAINTIFF HAS NOT ALLEGED ANY *MATERIAL* FACTS SUFFICIENT FOR PLAINTIFF'S SEARCH AND SEIZURE CLAIM

In general, "absent exigent circumstances or consent, an arrest inside the home requires not only probable cause, but also a warrant." Williams v. City of New York, No. 10-CV-2676 (JG) (LB), 2012 U.S. Dist. LEXIS 19207, at *26 (E.D.N.Y. Feb. 15, 2012) (Gleeson, J.) (citations omitted). "However, if a person voluntarily places himself or his home in public view, then there is no longer a reasonable expectation of privacy and the police can make a

warrantless arrest." Id. See also, United States v. Gori, 230 F.3d 44, 52-54 (2d Cir. 2000) (arrest of suspects who opened the door to their home in response to the knock of an invitee did not require a warrant).

        The undisputed facts show that plaintiff voluntarily came to his door to speak with the officers at his residence and placed himself in public view. Defendants Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1 ("Defs. 56.1") at ¶ 33. In both his Amended Complaint, his 50-H hearing and in his deposition, plaintiff repeatedly stated he consented to leaving his residence to respond to the request by officers. Defs. 56.1 ¶¶ 35-36. Because plaintiff had no reasonable expectation of privacy when he opened his door and consented to moving to a more public area with police officers, there can be no claim for unreasonable search and seizure. Plaintiff claims that defendants lied about having a warrant in plaintiff's name, but plaintiff does not cite to any admissible evidence to support that claim. Plf. 56.1 at ¶ 36. Second, plaintiff does not dispute that his arrest did not take place inside of his home. Defs. 56.1 ¶ 37. There is no evidence in the record suggesting plaintiff was attempting to limit himself from public view. In the instant matter, plaintiff voluntarily placed himself and his home in public view and consented to exiting his home, where he was arrested in public view and as such he had no reasonable expectation of privacy. Therefore there are no undisputed facts to support plaintiff's claim of an unlawful search and seizure.

### POINT III

**PLAINTIFF HAS NOT ALLEGED ANY DISPUTED *MATERIAL* FACTS SUFFICIENT TO DEFEAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S FALSE ARREST CLAIM**

        The undisputed facts show that defendant officers had probable cause to arrest plaintiff for multiple violations of the New York State Vehicle and Traffic law when they saw

his vehicle parked on a public roadway. New York State Vehicle and Traffic Law § 402.1(b) states that license plates "shall not be covered by glass or any artificial or synthetic material." Plaintiff does not dispute that his license plate was laminated. Plf. 56.1 ¶ 15. While plaintiff claims it is unclear what defendant Dennis noticed when he first saw plaintiff's vehicle, he does not cite to admissible evidence to back this claim and defendant Dennis' statement that he saw plaintiff's laminated plates should be deemed admitted for the purposes of this motion. Plf.'s 56.1 ¶ 29. Further, defendant Dennis' deposition testimony could not be clearer regarding whether he saw plaintiff's laminated license plate inside plaintiff's vehicle: "[T]he [license plate] on the dashboard was also laminated, which is prohibited." Deposition of Brian Dennis, taken on January 27, 2017 ("Dennis Dep."), attached to the Declaration of Paul H. Johnson, dated March 17, 2017, Exhibit "E" at 58:3-4; Defs' 56.1 ¶ 29.

Finally, plaintiff does not dispute that the date of sale on the altered laminated license plate displayed on his dashboard matched the expiration date on the expired license plates displayed on the front and back of his vehicle. Plf. 56.1¶¶ 5, 14. To the extent plaintiff does dispute those facts, plaintiff does not cite to any admissible evidence therefore those facts should be deemed admitted for the purposes of this motion. Plf. 56.1 ¶ 14. Instead plaintiff seeks to argue that the "date of sale" notation could not plausibly refer to the date the vehicle was purchased but he offers no evidence to support this claim. Id. Therefore, it was reasonable for the officers to assume that plaintiff's altered laminated license place was a forged instrument since the altered license plate was laminated and contained a date of sale that matched the expiration date of the expired license plates which was also visible on plaintiff's vehicle, thus giving rise to suspicion it was altered. Put simply, probable cause existed to arrest plaintiff for possession of a forged instrument because he possessed an altered license plate and thus the plate did not possess the typical characteristics of a license plate. Therefore the defendant officers reasonably believed

that plaintiff was in possession of a forged or fictitious instrument. See, e.g., Ikezi v. City of New York, 2017 U.S. Dist. LEXIS 50742, *17 (E.D.N.Y. Mar. 31, 2017) ("finding probable cause for arrest for possession of a forged instrument where the officers observed a New Jersey license plate that 'lacked an expiration date and solid edges on the top and bottom, and contained seals with uneven spacing and faded color'").

Plaintiff attempts to argue that defendants did not see plaintiff in violation of any traffic violation. However, plaintiff's vehicle was parked on a public roadway and plaintiff does not dispute that the vehicle defendants saw with the contested plates was in fact plaintiff's vehicle. Plaintiff also claims that an individual cannot be arrested for a traffic violation. But the law in this Circuit is clear. "As long as there was probable cause to arrest the plaintiff for any offense—even a minor traffic violation—a false arrest claim will fail." Jaegly v. Couch, 439 F.3d at 150; United States v. Scopo, 19 F.3d 777, 781 (2d Cir. 1994); Graham v. City of New York, 928 F. Supp. 2d 610, 616 n.2 (E.D.N.Y. 2013)." Tompkins v. City of New York, 50 F. Supp. 3d 426, 433 (S.D.N.Y. 2014). Plaintiff's only response to these arguments is to state that because New York City vehicle laws are infractions not punishable by imprisonment and therefore an officer cannot initiate an investigative stop or an arrest based on a violation of such laws. However plaintiff's "argument is foreclosed by United States v. Scopo, 19 F.3d 777, 781 (2d Cir. 1994), which held that a police officer has the authority to stop or arrest an individual for violation of the traffic laws." Marshall v. City of New York, 2014 U.S. Dist. LEXIS 52124, *11 (S.D.N.Y. Apr. 15, 2014). Therefore probable cause existed for plaintiff's arrest.

## POINT IV

**PLAINTIFF HAS NOT ALLEGED ANY MATERIAL FACTS SUFFICIENT TO DEFEAT DEFENDANTS' MOTION FOR**

**SUMMARY JUDGMENT BASED ON QUALIFIED IMMUNITY.**

Defendants Dennis and Caraballo should be granted qualified immunity with respect to plaintiff's false arrest and malicious prosecution claims. The Supreme Court has stressed that for qualified immunity to be inapplicable, existing precedent must have placed the statutory or constitutional question "beyond debate." White v. Pauly, 137 S. Ct. 548, 551 (2017). Plaintiff cites Glasgow v. Berry, for the proposition that probable cause to arrest cannot arise from a traffic violation. Glasgow v. Beary, 2 F. Supp. 3d 419, 425 (E.D.N.Y. 2014). However, in Glasgow, the Court ruled that police officers are entitled to qualified immunity if they view an individual violating the traffic code. "If the defendant arrested plaintiff after observing him commit a violation of the New York traffic code, he would be entitled to qualified immunity on plaintiff's Fourth Amendment claim." Id. Therefore, as plaintiff concedes in his citation of Glasgow, defendants are entitled to at least arguable probable cause for arresting plaintiff because it is not beyond debate nor is there any clearly established law in the Second Circuit that police officers may not arrest an individual who violates New York traffic law. Id.

As argued *supra* in Point II, it is undisputed that plaintiff possessed an altered license plate and that the altered license plate displayed on his vehicle had a date of sale that matched the expiration date of his other displayed license plate. It is also undisputed that defendants saw the disputed license plates. These facts give rise to at least arguable probable cause that plaintiff possessed a forged instrument. Finally, defendants are entitled to qualified immunity because plaintiff concedes he had a New York State registration and license plate but they were not displayed on his vehicle on the date of the incident. Defs. 56.1 ¶¶ 18, 24. While plaintiff may state that he was waiting for his New York State registration in the mail, this excuse does not permit him to park his vehicle on a public roadway without the proper plates and

therefore officers at a minimum are entitled to qualified immunity. "[O]nce a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest. Although a better procedure may [be] for the officers to investigate plaintiff's version of events more completely, the arresting officer does not have to prove the plaintiff's version wrong before arresting him. Nor does it matter that an investigation might have cast doubt upon the basis for the arrest." Weiner v. McKeefery, 90 F. Supp. 3d 17, 32, (E.D.N.Y. 2015) (citing Curley v. Village of Suffern, 268 F.3d 65, 70, (2d Cir. N.Y. 2001).

Further, defendants should be granted qualified immunity for plaintiff's malicious prosecution claim as it was reasonable for officers to believe plaintiff was possessed a forged instrument. A forged instrument is defined as a "written instrument which has been falsely made, completed or altered." New York Penal Law § 170.00. Here it is undisputed that plaintiff altered his license plate by laminating it. Defs. 56.1 ¶ 15. It is also undisputed that defendant Dennis saw that plaintiff's laminated license plate on his vehicle which was parked on a public roadway. Defs. 56.1 ¶ 29. Finally, it is undisputed that Defendant Caraballo noticed that the expiration date of the license plate placed in the license holder matched the date of sale listed on the altered laminated license plate in the window. Defs. 56.1 ¶ 30. Therefore plaintiff's admitted possession of an improperly altered license plate which listed a false date of sale provides at a minimum arguable probable cause for plaintiff's arrest for possession of a forged instrument and therefore plaintiff's malicious prosecution claim must fail.  Lawrence v. City Cadillac, 2010 U.S. Dist. LEXIS 132761, *21 (S.D.N.Y. Dec. 8, 2010). (Plaintiff's admitted possession of an improper vehicle registration is sufficient probable cause to initiate prosecution against him for possession of a forged instrument.)

**POINT V**

**PLAINTIFF HAS NOT ALLEGED ANY MATERIAL FACTS ` SUFFICIENT TO DEFEAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON MALICIOUS PROSECUTION.**

As argued, *supra* in Point II and Point III, defendants had probable cause or at a minimum arguable probable cause for plaintiff's arrest. Plaintiff's admitted possession of an altered license plate is sufficient probable cause to initiate prosecution against him for possession of a forged instrument. Plaintiff also admitted he possessed two license plates which he displayed on his vehicle where the expiration date of one license plate matched the date of sale on the second license plate which was altered in violation of New York State traffic law. Plaintiff attempts to argue around these inconsistencies by stating that the date of sale could not plausibly refer to the date plaintiff purchased the vehicle, but that argument lacks any support in the record.

Even assuming, *arguendo*, that there was no probable cause for plaintiff's arrest, the absence of probable cause is not evidence of malice. In the context of a malicious prosecution claim, malice consists of "'a wrong or improper motive, something other than a desire to see the ends of justice served.'" Lowth v. Town of Cheektowaga, 82 F.3d 563, 573 (2d Cir.1996) (quoting Nardelli v. Stamberg, 44 N.Y.2d 500, 503 (1978)). In order to proceed with a malicious prosecution claim plaintiff must present admissible evidence of malice and may not merely infer where there are no facts upon which to base that assumption. Fulton v. Robinson, 289 F.3d 188 (2d Cir. 2002) (affirming grant of summary judgment for defendants after plaintiff failed to present evidence of actual malice). Further, plaintiff offers no evidence that defendants worked in concert with the District Attorney for New York County. The fact that the charges against defendant were later dropped is not evidence of "wrong or improper" purpose. Ampratwum v. City of New York, 2013 U.S. Dist. LEXIS 67025, *30 (S.D.N.Y. May 9, 2013).

## POINT VI

## PLAINTIFF'S REMAINING CLAIMS MUST FAIL

As an initial matter, plaintiff makes no Monell claim against the City. Plaintiff's bias-based profiling claim, failure to intervene and his state law claims must also fail. Plaintiff only makes the conclusory statements regarding these claims. Plaintiff states no facts that defendants acted solely on the basis of plaintiff's actual or perceived race or that defendants negligently or intentionally inflicted emotional distress on plaintiff. Plaintiff's assault and battery charges must also fail. "[o]fficers executing a lawful arrest are privileged to commit any battery that is reasonably necessary to effect the arrest." Johnston v. Port Auth. of N.Y. & N.J., No. 09-CV-4432 (JG) (CLP), 2011 U.S. Dist. LEXIS 82815, at *35-36 (E.D.N.Y. July 28, 2011) (granting summary judgment to defendants against plaintiff's claim of assault).

Because there was no underlying constitutional violation of plaintiff's rights, there can be no cause of action for failure to intervene. Marshall v. City of New York, 14 CV 4481 (ILG) (RLM) 2016 U.S. Dist. LEXIS 102560, *7 (E.D.N.Y. Aug. 3, 2016). Further, even assuming *arguendo* defendants violated plaintiff's constitution rights, if both defendants can be held liable for the purported constitutional violations, then neither can also be held liable for failing to intervene in their own unconstitutional conduct. Jackson v. City of New York, 939 F. Supp. 2d 219, 232 (E.D.N.Y. 2013) (If both defendants can be held for a constitutional violation, neither can be held liable for failure to intervene).

Finally, plaintiff's denial of a right to a fair trial claim must also fail. Plaintiff claimed that defendants fabricated evidence, by falsely stating he had fraudulent license plates. But as argued, *supra,* there was probable cause to believe the license plates in possession of

plaintiff were fraudulent, even assuming *arguendo* his vehicle was properly registered on the day of the incident as the temporary license plate bore a date of sale the day weeks after plaintiff purchased his vehicle and matched the expiration date of the other license plates displayed on his vehicle. Finally, plaintiff suffered no deprivation of liberty as required to prevail on a denial of fair trial claim because he was issued a desk appearance ticket. "Merely having to respond to orders of the court and attend court hearings is insufficient to allege a deprivation of liberty" for a denial of a right to a fair trial claim. Arbuckle v. City of New York, 2016 U.S. Dist. LEXIS 136857, *32 (S.D.N.Y. Sept. 30, 2016).

## CONCLUSION

For the foregoing reasons, defendants City of New York, Police Officer Brian Dennis and Sergeant Jose Caraballo respectfully request that the Court grant their motion for summary judgment in its entirety, together with costs, fees and such other and further relief as the Court deems just and proper.

Dated: New York, New York
       May 1, 2017

Corporation Counsel of the City of New York
*Attorney for Defendants City of New York,*
*Dennis and Caraballo*
100 Church Street
New York, New York 10007
(212) 356-2656

By: _____
    Paul H. Johnson
    *Assistant Corporation Counsel*
    Special Federal Litigation Division

Cc:      Gabriel Harvis, Esq. (via ECF)