UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

ERICKSON CABRERA, **16 CV 1098 (GBD)**

Plaintiff,

-against-

CITY OF NEW YORK, et al.,

Defendants.
--------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO WITHDRAW THE FEBRUARY 8, 2018 ORDER OF REFERENCE**

HARVIS & FETT LLP
305 Broadway, 14th Floor
New York, New York 10007

*Attorneys for plaintiff*

March 2, 2018

TABLE OF CONTENTS

STATEMENT OF MATERIAL FACTS ........ 1

GOVERNING STANDARD ........ 4

ARGUMENT ........ 4

I. PLAINTIFF AGREED TO THE REFERENCE UNDER FALSE PRETENSES ........ 4

II. THE COURT AND PLAINTIFF SHOULD NOT BE FORCED TO WASTE FURTHER TIME ........ 5

CONCLUSION ........ 6

STATEMENT OF MATERIAL FACTS

This case was filed in February 2016. From the outset, defendants took the misguided position that they had a winning argument for summary judgment, moving prematurely and repeatedly for dismissal against claims that have proven to have significant color, particularly with respect to the fabrication of evidence. *See* DE #12, 15, 20, 27, 42 (denying summary judgment), 65; *Cabrera v. City of New York*, 2017 WL 6040011 (S.D.N.Y. Dec. 4, 2017) (denying summary judgment).

The quality of the argument animating defendants' position at summary judgment is typified by the following exchange on May 11, 2017:

MR. JOHNSON: You can go to the DMV and get your plates right away.

THE COURT: I have to drive in and park on the street. You're saying I can get arrested and my car could be towed if I went to the DMV and parked to get my plates?

MR. JOHNSON: I think there are two things we're confusing here.

THE COURT: I am confused.

MR. JOHNSON: One is whether or not you can get arrested for having an invalid temporary place as a policy issue and, B, whether it's a constitutional issue, whether or not under the established law of the Supreme Court of the United States a traffic violation provides probable cause for arrest.

THE COURT: …The way you just described the world is a Bizarro world. That's not the way the world works. Nobody gets arrested for parking on the street and no cop could reasonably stand before a jury or a judge and say even though I falsified documents to arrest this person for a crime they didn't commit my defense is they had the car parked on the street

> with a temporary plate and so they violated the law that says that you're not supposed to park on the street unless you have your plates displayed and they didn't have the plates displayed so that excuses my willful framing this individual for a crime that he didn't commit. That really can't be your argument.

Transcript of May 11, 2017 Proceedings, annexed to the Declaration of Gabriel P. Harvis dated March 2, 2018 ("Harvis Decl.") as Exhibit 1, p. 66, ln. 7 – p. 68, ln. 1.

In responding to defendants' scorched-earth strategy, plaintiff's counsel was forced, over more than two years, to expend hundreds of hours bringing the case to its current trial-ready posture.[1]

Defendants' approach to settlement has similarly lacked good faith. Plaintiff took time from work on August 10, 2016 so that he, his counsel and a patient mediator could spend several hours explaining the merits of the case to defense counsel, at which point defendants made a single less-than-nuisance-value take-it-or-leave-it offer, approximating the filing fee. Plaintiff declined, and defendants have made no further offers since that time.

While defendants' most recent summary judgment motion was pending, new counsel noticed her appearance. DE #82. Following the Court's decision denying defendants' motion, the undersigned contacted defense counsel and was told that

---

[1] Such defense tactics do not appear to be anomalous. *See Martinez v. City of New York*, 16 CV 79 (AMD) (CLP), 2018 WL 604019, *13 & n.15 (E.D.N.Y. Jan. 24, 2018).

defendants "would be requesting a settlement conference." When the undersigned indicated that plaintiff would only consider reopening settlement talks if they were preceded by a good faith offer that took the accumulated fees into account, defense counsel demurred.

The parties then appeared for an interim pre-trial conference on February 8, 2018. In the best of faith, plaintiff's counsel assented to a referral to the Honorable Magistrate Judge for settlement purposes, and the referral was entered at Docket Entry no. 86.

Immediately after the interim pre-trial conference, the undersigned notified defense counsel that, consistent with our prior discussion, plaintiff planned to seek withdrawal of the referral unless defendants demonstrated, through a good faith offer, that the parties stood any reasonable chance of reaching resolution. Plaintiff explained that if defendants were unwilling to make such a good faith overture, plaintiff planned to respectfully seek termination of the referral. *See* E-mail exchange between G. Harvis and V. Smith, annexed to the Harvis Decl. as Exhibit 2.

Defendants have declined to make any offer and have taken the position that plaintiff can be forced to discuss settlement against his will. *See Id.* (Defense counsel explains: "[N]o matter what, a settlement conference will take place.").

The instant motion follows.

## GOVERNING STANDARD

A District Court has plenary authority to withdraw an order of reference regarding non-dispositive matters on the application of any party, or *sua sponte*. *See*, *e.g.*, *Rhodes v. Davis*, 628 F. App'x 787, 791-92 (2d Cir. 2015) (citing 28 U.S.C.A. § 636(b)(1)(B) (West)).

## ARGUMENT

### POINT I

### PLAINTIFF AGREED TO THE REFERENCE UNDER FALSE PRETENSES

At the interim pre-trial conference, plaintiff's counsel, in the best of faith, gave new defense counsel the benefit of the doubt when agreeing to the settlement referral. Plaintiff's assent contemplated that defendants would adopt a settlement posture reflective of the strong evidence adduced in support of liability and damages, and the substantial amount of time necessarily devoted to this heavily-defended fee-shifting case. *See City of Riverside v. Rivera*, 477 U.S. 561, 575 (1986) ("The government cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response.") (quoting *Copeland v. Marshall*, 205 U.S. App. D.C. 390, 414 (1980) (*en banc*)) (internal quotation marks omitted). Plaintiff would never have agreed to the referral had he known defendants planned to force him to attend a settlement conference while they maintained a nuisance valuation.

## POINT II

## THE COURT AND PLAINTIFF SHOULD NOT BE FORCED TO WASTE FURTHER TIME

> It is well-settled that a court cannot force a party to settle, nor may it invoke "pressure tactics" designed to coerce a settlement. *Kothe v. Smith,* 771 F.2d 667, 669 (2d Cir. 1985). Moreover, in an analogous context, although a court may require parties to appear for a settlement conference, *see, e.g., Bulkmatic Transport Co. v. Pappas,* 99 Civ. 12070 (RMB) (JCF), 2002 WL 975625, at *2 (S.D.N.Y. May 9, 2002), it may not coerce a party into making an offer to settle. *See Dawson v. United States,* 68 F.3d 886, 897 (5th Cir. 1995) ("[T]here is no meaningful difference between coercion of an offer and coercion of a settlement: if a party is forced to make a settlement offer because of threat of sanctions, and the offer is accepted, a settlement has been achieved through coercion."). And a party is within its rights to adopt a "no-pay" position. *Negron v. Woodhull Hosp.,* 173 Fed. Appx. 77, 79 (2d Cir. 2006) (party was "free to adopt a 'no pay' position" at a court-ordered mediation).

*In re A.T. Reynolds & Sons, Inc.*, 452 B.R. 374, 382 (S.D.N.Y. 2011).

Here, plaintiff respectfully submits that defendants are using "pressure tactics" to try and force him to attend a settlement conference against his will. If it should please the Court, this would be both unjust and an abject waste of time. Plaintiff respectfully submits that, like any litigant, he enjoys sovereignty with respect to settlement. *Id.*

Of course, if defendants should demonstrate, through the presentation of a good faith offer, that there is a reasonable possibility for settlement, plaintiff would certainly be willing to engage in further discussions.

## CONCLUSION

Accordingly, plaintiff respectfully requests that the Court withdraw the order of reference dated February 8, 2018.[2]

Dated: New York, New York
March 2, 2018

HARVIS & FETT LLP

______________________________

Gabriel P. Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@civilrights.nyc

*Attorneys for plaintiff*

---

[2] If it should please the Court, the parties have not yet appeared before the Hon. Robert W. Lehrburger pursuant to the February 8th order of reference. A preliminary telephone call is scheduled for March 26, 2018.